#### IN THE

# SUPREME COURT OF JUDICATURE

#### OF THE

## STATE OF NEW-YORK,

IN JULY TERM, 1834—IN THE FIFTY-NINTH YEAR OF OUR INDEPENDENCE.

---

### GARDNER *vs.* ADAMS.

A *mortgage of personal property,* as well as an abolute conveyance of such property, is *prima facie* fraudulent and void as against creditors and *bona fide* purchasers, unless accompanied by an immediate delivery, and follow-ed by an actual and continued change of possession.

A continuance of possession by the vendor or mortgagor may, however, be explained; but it is not enough to rebut the presumption of fraud that the property was left in his possession *for his accommodation.*

A right of action for a *tort* is not assignable.

ERROR from the Orleans common pleas. On the 22d May 1830, one B. Covell executed a mortgage of a *bureau* and other personal property to G. Hard, to secure the pay-ment of $17 due to Hard on a judgment, and to indemnify him against loss, in consequence of having, on the day of the date of the mortgage, as the surety of Covell, signed a note with him to one H. Goodrich, for the sum of $17, payable 30 days after date ; the mortgage to be void if Covell paid the $15 on or before the 10th *August,* 1830, and also indemnified Hard against any loss growing out of the note to Goodrich. The *bureau* and the other property was in the possession of

Covell at the time of the execution of the mortgage, and was left in his possession for his accommodation. In *July*, 1830, the *bureau* was levied upon by a constable, by virtue of an execution in favor of *O. H. Gardner*, and subsequently sold at public auction, and bought in by Gardner. Hard agreed with Covell that if he would take up the note given to Goodrich, he would relinquish his lien upon the property mortgaged, as it respected the debt of $17; and on the 12th *August*, 1830, *E. Adams*, by the procurement of Covell, paid the note to Goodrich, and took an assignment of the mortgage from Hard as security for the advance made by him. In March, 1831, Adams brought an action of *trover* against Gardner for the bureau, in a justice's court, on the trial of which the above facts appeared; and also, that before suit brought, the bureau had been demanded of Gardner, and that he had refused to deliver it up. The justice gave judgment for the plaintiff. The defendant removed the cause by *certiorari* into the Orleans C. P., where the judgment of the justice was *affirmed*; upon which Gardner sued out a writ of error, removing the record into this court.

*G. Hard*, for plaintiff in error.

*Curtis & Chamberlin*, for the defendant in error.

*By the Court*, SAVAGE, Ch. J.   This judgment cannot be sustained.   The revised statutes render *mortgages* of personal property, as well as *absolute conveyances*, fraudulent and void *prima facie* as against creditors or *bona fide* purchasers, unless possession accompanies and follows the deed.   Formerly this was not required in mortgages, if the possession was consistent with the deed.   Under this statute, we hold that possession remaining in the vendor or mortgagor may be explained; and if reasons can be shown which negative any intent to defraud creditors or purchasers, the sale or mortgage is held valid.   In this case no reason is shown, only that it was for the *accommodation of the mortgagor*. That reason might be assigned in every case; and if held sufficient, the burthen of proving fraud would be thrown upon

the plaintiff; whereas, the statute intended that those concerned in such a transaction should be obliged to prove it not only done upon good consideration, but free from all intention of defrauding any one, or defeating any creditor in the collection of his debt.

But if the mortgage was free from all objection of this kind, there seems an insuperable difficulty in the plaintiff's title. The defendant below was guilty of a *conversion* on the filth of July, 1830—long before the assignment. Hard, at that time, had a right of action for the bureau; but that right of action is no more assignable than a right of action for any other tort— an action of trespass for instance, or an assault on the person. On this ground, the plaintiff below must fail.

Again; the substance of the transaction of the assignment seems to have been an intention to substitute Adams in the place of Hard; but the mortgage was discharged by Hard as to his own debt, and the payment to Goodrich of the debt, for which Hard was liable, discharged the mortgage as to that demand. Hard had no interest to assign.

<div align="right">

*Judgment reversed.*