NEW-YORK,
May, 1836.

Murray
v.
Burtis.

MURRAY *vs.* BURTIS.

The sale or mortgage of personal property, unless accompanied by delivery and followed by an actual and continued change of possession, is *prima facie* fraudulent, and *conclusively* so unless the sale or assignment is satisfactorily shown to have been made in good faith, and without any intent to defraud, &c.

If no explanation is attempted, the question is one of *law*, and it is the duty of the court to pronounce the sale or assignment void: if explanation is given, the question must be submitted to the jury. The only case of presumptive legal fraud is that declared by the statute.

THIS was an action of *replevin*, tried at the Rensselaer circuit in September, 1834, before the Hon. JAMES VANDERPOEL, one of the circuit judges.

In September, 1832, the plaintiff and one *Barton* bought a sloop called the *Spencer*, of two individuals of the name of *Vandercook*, and took possession of her. In the following spring Barton sold his share of the vessel to the plaintiff. On the 1st April, 1834, the defendant took her out of his possession, and she was re-delivered to him, by virtue of a writ of replevin, on the 29th of the same month. The defendant claimed the right to take possession of the vessel under a *mortgage*, executed to him by the *Vandercooks* on the 1st July, 1831, *conditioned* for the payment of $500, half on the 1st January, 1833, and the residue on the 1st July, 1833, and produced in court the mortgage, together with two endorsed notes given by the Vandercooks as collateral security, on which he claimed to be due a balance of $349. The sloop *Spencer* was bought by the *Vandercooks* from the defendant, and the mortgage was executed by them to secure in part the consideration agreed to be paid for her. When the plaintiff bought Barton's share of the vessel, he gave him in payment two notes of $150 each, which Barton transferred to the defendant, who accepted the same in lieu of a note which Barton had made to the Vandercooks, when he and the plaintiff purchased the *Spencer*, and which note he found in the hands of the defendant. Upon this occasion the defendant informed Barton of the mortgage he held upon the sloop, which was

the first notice Barton ever had of such claim. The plaintiff, in the year 1833, paid to the defendant two notes given by him to the *Vandercooks* on the purchase of the vessel, amounting to $325. The plaintiff and defendant both reside in Troy, their stores are near each other, and the sloop *Spencer,* while at Troy in the possession of the plaintiff, used to lie at the plaintiff's dock. There was no proof of any notice to the plaintiff of the existence of the mortgage. In the spring of 1833, the plaintiff incurred heavy expences in fitting the sloop with sails and a chain cable. When the evidence was closed, the judge remarked that the question in the case was *purely a question of law,* to wit, whether the mortgage was a valid instrument, and recommended that the jury should find a verdict subject to the opinion of this court, in such form as to prevent the necessity of a new trial. The jury accordingly found, if the supreme court should be of opinion that the plaintiff was entitled to recover, that he ought to recover $94 damages, and assessed the value of the vessel at $300 ; and if the court should be of opinion that the defendant was entitled to a verdict, and inasmuch as he waived judgment for a *return,* and elected to have his damages assessed, they assessed the same at $404,56. On the argument of the case, the finding of the jury was treated simply as a verdict for the plaintiff. The cause was argued by

*J. Paine,* for the defendant.

*H. P. Hunt,* for the plaintiff.

*By the Court,* NELSON, J. By the 2 *R. S.* 136, §5, every sale made by a vendor of goods and chattels in his possession or under his control, and every assignment of goods and chattels by way of *mortgage* or security, or upon any condition whatever, unless the same be accompanied by an immediate delivery, and be followed by an actual and continued change of possession of the thing sold, *mortgaged* or assigned, shall be presumed fraudulent and void as against the creditors of the vendor or the creditors of the person making such assignment, or *subsequent purchasers* in good faith ; and shall *be conclu-*

*sive evidence* of fraud, unless it shall be made to appear, on the part of the persons claiming under such sale or assignment, that the same was made in good faith, and without any intent to defraud such creditors or purchasers. By §4, p. 137, it is enacted that the question of fraudulent intent, in all cases arising under the provisions of this (71st) chapter, shall be deemed a *question of fact, and not of law.* Nor shall any conveyance or charge be adjudged fraudulent as against creditors or purchasers, solely on the ground that it was not founded on a valuable consideration.

Upon these two sections of the statute, it is clear the circuit judge erred in assuming that the question as to the validity of the mortgage was purely one of *law.* The sale or mortgage of personal property, unaccompanied by delivery, is presumptively fraudulent, and conclusively so, unless explained to the satisfaction of the court and jury, that it was made in good faith, and without any intent to defraud, &c. If no explanation is attempted, then the question is one of law— the sale or mortgage is void, and should be so pronounced by the court. If explanation is attempted, and evidence is given for the purpose of rebutting the presumption, it must be submitted to the jury, under the advice and direction of the court. The only instance of presumptive legal fraud, is that pronounced by the statute ; beyond this the 4th §, above referred to, is imperative, and the question becomes one of fact. 12 *Wendell,* 297. Whether this view of the statute is in accordance with the old law as understood in this state or not is a question now more curious than important. The later decisions had nearly approached, if they had not already reached the point now established by statute. We have heretofore decided, that a mortgage by the *purchaser* of personal property, for the security of the consideration money, may be valid without the accompaniment of possession. Indeed, if this security can be valid in any case without the possession, this would seem to recommend itself to favorable consideration. Still it may be fraudulent ; and after all, a jury must pass upon the transaction and good faith of the parties according to the statute.

Considering this a verdict for the plaintiff, we should be
quite willing to allow it to stand. In one way or other the
defendant has received most of the consideration money paid
by the plaintiff for the sloop ; part of it at least, and probably
the whole, with a knowledge that it was paid as the price of
the sloop sold by the Vandercooks. Besides, he was the
neighbor of the plaintiff, and most probably knew of the
expensive repairs upon the vessel, and yet never took the
trouble to disclose the fact of the existence of the mortgage,
and, on the contrary, persisted in a studied concealment.
As, however, the question of *fraud* should have been sub-
mitted to the jury there must be a new trial.

New trial granted.