SMITH, Plaintiff in Error, *vs.* KENNETT & KENNETT, Defendants in Error.

1. Under the new code, a right of action for the conversion of property may be assigned, so as to enable the assignee to sue in his own name.
2. A demand, however, is essential to the assignee's right of action.

*Error to St. Louis Court of Common Pleas.*

This was an action brought by John F. Smith against Luther M. & Mortimer Kennett, to recover damages for the alleged conversion of the wreck of the steamboat Jewess, which was sunk at the St. Louis levee, on the first day of January, 1852. The petition alleged that the wreck was taken possession of by Mortimer Kennett, harbor master, under the direction of Luther M. Kennett, mayor of the city of St. Louis, on the 3d of January, 1852, by virtue of some pretended authority derived from a city ordinance. At the time the wreck was thus taken possession of, she belonged to John S. Sloan, who, on the 18th of March, 1852, conveyed and assigned to the plaintiff all his interest in said wreck and claim for damages against the defendants. No demand was alleged in the plaintiff's petition. The Court of Common Pleas sustained a demurrer to the petition.

*B. A. Hill,* for plaintiff in error. The assignee of property converted, and of the right of action therefor, can maintain an action in his own name. Article three, section one of the code, requires the suit to be brought in the name of the real party in interest. No demand is necessary where there has been a conversion.

*Glover & Richardson,* for defendants in error. 1. The petition shows that the boat was not *in esse* at the time of the assignment, and nothing was left to the owner but a naked cause of action, sounding in damages, which could not be transferred to the plaintiff so as to give him a right of action in his own name. 2. If the property was in existence, the plaintiff

could only maintain an action after demand and refusal, and none is alleged in the petition. *Gardner* v. *Adams*, 12 Wend. 298. *Hall* v. *Robinson*, 2 Coms. 294.

RYLAND, Judge, delivered the opinion of the court.

1. Can the assignee of property converted and of the right of action therefor, maintain an action in his own name for the property and for damages ? The new code requiring the suit to be brought in the name of the real party in interest, would, it seems to us, sanction the bringing of this action in the name of the assignee. In the case of *Gardner* v. *Adams*, 12 Wend. 297, it was held by the Supreme Court of New York, that a right of action for a tort is not assignable. In this case, the court uses the following language : " Hard, at the time, had a right of action for the bureau, but that right of action is no more assignable than a right of action for any other tort—an action of trespass, for instance, or an assault on the person." The same doctrine is laid down in the case of *The People, ex relatione Stanton* v. *Tioga C. P.*, 19 Wend. 73 ; but in this last case, the tort was merely personal. The doctrine of *Gardner* v. *Adams* was overruled in *Robinson* v. *Weeks*, 6 How. Prac. Rep. 162. In this case of *Robinson* v. *Weeks*, the court remarked, " that a tort for the taking and conversion of personal property may be assigned. It is a right which passes to an executor or administrator, and I think there can be no doubt that it may be lawfully assigned, so as to vest the assignee with all the rights the assignor had, at the time of the commission of the tort. The whole difficulty in regard to it, seems to have arisen from not distinguishing between such cases and mere personal torts, as assaults and battery, slander and the like, which die with the person, and which all the authorities agree cannot be assigned. It will be seen, on a moment's reflection, that the two cases or rights of action, although both coming under the general classification of torts,

have really little resemblance to each other. In the latter case, there is nothing to assign but a mere injury, which does not survive the decease of the injured party, and in which no person can be regarded as having any property ; while in the former, the right and title to property of which the assignor is still undivested, goes with the assignment and vests in the assignee, or in the executor or administrator on the death of the party against whom the tort was committed.

"I take it, an assignment of the cause of action would necessarily carry with it the assignor's title to the property, because, by prosecuting the action to judgment and obtaining satisfaction, the title becomes vested in the wrong doer, and the purchaser must be regarded as acquiring the whole right by the assignment and authority to prosecute. The assignment of a bond merely, carries with it, by operation of law, the mortgage and draws after it the land. *Jackson* v. *Blodgett,* 5 Cowen, 202. . *Green* v. *Hart,* 1 Johns. 590. *Martin* v. *Mowlin,* 2 Barr, 978.

"In the case of the death of a party whose property has been tortiously taken, and who has not elected to bring his action in his life-time, the title vests in the executor or administrator, by operation of law, and he may bring his action for the original tort, or proceed and retake the property, as he may elect." In the opinion of this court, then, the assignee may maintain this action in his own name.

2. But it is also the opinion of the court, that the demurrer to the petition in the present case, was properly sustained by the court below. The plaintiff avers his purchase of the wreck and of the right of action in May, 1852 ; he states that the taking and conversion of the property, that is, the wreck, were made in January, 1852, before the plaintiff had acquired any right or interest therein. From the petition, it may be plainly inferred, that the wreck is still *in esse.* The plaintiff should, then, have made a demand and averred it in the petition, and having failed to set forth a demand, the court did

Walsh v. Warren.

right to sustain the demurrer.    The defendants have done nothing to the plaintiff nor to his rights since he purchased the wreck, in relation thereto.    It was, then, his duty to make demand of them for the property in their possession, which he had bought.

The conversion was not of his property; the demand and refusal to give it up, would make the conversion of his property.    For these considerations, therefore, this court affirms the judgment of the court below, the other judges concurring.