## SUPREME COURT.

### TRAVIS AND OTHERS agt. TOBIAS.

Verdict set aside because of misjoinder of a plaintiff, in an action for a tort.

It seems one of the plaintiffs may be struck out on motion, on giving a new undertaking, &c., although an attachment has been issued, and the property of defendant seized

*General Term, Canton, September,* 1853. HAND, P. J., CADY and ALLEN, J. J. This suit was for a fraud in the purchase of a vessel, charged to have been committed by misrepresentations respecting the payers of certain notes given in payment.

The defendant was a non-resident, and plaintiffs had obtained an attachment and seized his property. The plaintiffs had a verdict. The other important facts noticed, are to be found in the opinion of the court.

O. F. DAVIS, *for Defendant.*

J. POTTER, *for Plaintiff.*

By the Court—HAND, P. J.—It appeared on the trial that the plaintiff, Tisdale, was not a member of the firm, or interested in the vessel at the time of the sale in 1848. So I understand the testimony of the first witness of the plaintiffs. If so, he was not a party to the sale, or the notes given for the property; and there was no fraud practised upon him, nor had he any interest in the matter. If the notes belonging to the old firm, became the property of the new, that would not authorize this suit, which is for a fraud committed upon the

old firm.   And if the claim for damages occasioned by the
fraud, had been assigned to the present plaintiffs, that fact
should have been averred.   Indeed, it seems doubtful whether
a cause of action for a tort could have been assigned, even
under the Code of 1849, (2 *Stor. Eq. Jur.*, § 1040,) Gardiner
agt. Adams, (12 *Wend.* 297.)   It has been thought this might
be done, before the Code was amended.   Kellogg agt. Church,
(3 *Code R.* 53, *Van Santvoord Pl.* 84.)   But it has been con-
sidered against public policy.   However, it is enough that
there was no allegation in the complaint, or proof on the trial,
of an assignment.   The pleader, probably, was not informed
that Mr. Tisdale was not a member of the firm in 1848.

The judge on the trial, intimated that he would allow the
plaintiffs to amend by striking out the name of Tisdale.   But
no motion to that effect was made, nor was the amendment
made, in fact.   And such an amendment, as a general rule,
should not be made *instanter* on the trial.   (*Section* 169.)   Per-
haps an amendment may be made by striking out one of the
parties, plaintiff, after an attachment has been issued.   (*Section*
173.)

Whether, in such a case, a continuance of the suit, in the
name of his co-plaintiffs would exonerate the one struck out,
from a claim for damages, or all of them, from liability on their
undertaking, need not now be considered.   The amendment
should be made on motion and on just terms.   I am inclined to
think it can be done on giving and filing a new undertaking,
*nunc pro tunc*, and amending all the pleadings and process, and
the court should see that no injustice is done to the defendant.
However, there is no motion to amend before us, and we can-
not order it done on this argument.

It is unnecessary, at this time, to notice any of the other
points.   There should be a new trial, the costs to abide the
event.

Ordered accordingly.