## SUPERIOR COURT.

### Hyslop agt. Randall.

A cause of action for a *mere tort*, in no way affecting property, cannot be so assigned that the assignee can sue in his own name.

The defendant, as the complaint alleged, falsely and fraudulently represented to *A.*, that *B.* & *C.* were worthy of credit: *A.*, relying thereon, sold goods to *B.* & *C.*, on credit, and was damaged thereby, and assigned the cause of action to the plaintiff. On demurrer to the complaint, *held*, that no action would lie in the plaintiff's name.

*Special Term, April,* 1855.

This cause came before the court on a demurrer to the complaint. The latter alleged that the defendant, to induce *A.*, a merchant, to sell goods on credit to *B.* & *C.*, also merchants, falsely and fraudulently represented them to be responsible, worthy of credit, and safe to be trusted; a sale and delivery of goods on credit to *B.* & *C.*, relying thereon; that *B.* & *C.* were not responsible, or worthy of credit, or safe to be trusted; and their failure and inability to pay, whereby *A.* sustained damage; and a sale and assignment to the plaintiff of the cause of action against the defendant, arising from these false and fraudulent representations.

The defendant demurred to the complaint, and assigned for cause, that it did not state facts sufficient to constitute a cause of action; that the pretended cause of action could not be assigned, so as to give the assignee a right to sue in his own name.

Wm. C. Barrett, *for plaintiff.*

Chas. H. Hunt, *for defendant.*

Bosworth, Justice. Section 111 of the Code requires every action to be prosecuted in the name of the real party in interest. But it also declares that such section " shall not be deemed to

authorize the assignment of a thing in action *not arising out of contract.*"

This section was designed, not only to authorize, but to require, all causes of action which the law had recognized as proper subjects of sale and assignment, to be prosecuted in the name of the assignee.

It of course includes all such causes of action as arise upon contracts not negotiable. Formerly they must have been prosecuted in the name of the assignor. As to all such cases, the courts would protect the assignee against any contracts affecting them, made between the assignor and his debtor, after the latter had notice of the assignment.

To what extent causes of action, not arising out of contract merely, but out of actual injuries to property, may be assigned, so that the assignee may sue upon them in his own name, has been a vexed question since the Code took effect. ·

In *Hoyt* agt. *Thompson,* (1 *Seld.* 347,) PAIGE, J., says that " all choses in action, embracing demands which are considered as matters of *property* or *estate,* are now assignable at law or in equity. Nothing is excluded but mere personal torts, which die with the party. A claim, therefore, for *property* fraudulently taken or received, or wrongfully withheld, and even for an *injury* to either real or personal property, may be assigned." But as to this question, as well as to some others discussed by him, he distinctly states that he does not understand any of his brethren, except the chief judge, as expressing any opinion. (*Id.* 357.)

This opinion, therefore, however great the respect to which it is entitled, is but the opinion of a single judge, and was *obiter dictum.*

In *Hall* agt. *Robinson,* (2 *Coms.* 293,) the decision was put on the ground that the property had not been *converted* by the defendant, when the plaintiff's vendor sold it to him. That a sale of it to the plaintiff while in the actual possession of the defendant, gave to the former a good title, and that, upon a demand of it, made after his purchase, and a refusal by the defendant to deliver it, an action could be maintained.

With reference to such a case, Story, J., says, " I know of no principle of law that establishes that a sale of personal goods is invalid because they are not in the possession of the rightful owner, but are withheld by a wrongdoer. The sale is not, under such circumstances, the sale of a *right in action*, but is the sale of the *thing itself*, and good to pass the title against every person, not holding the same under a *bona fide* title, for a valuable consideration without notice ; and *a fortiori* against a wrongdoer." (2 *Sum. R.* 206–211, *The brig Sarah Ann.*) On this point see *Gardner* agt. *Adams*, (12 *Wend.* 297.)

Mr. Justice Paige does not rest his opinion upon the idea that the Code has enlarged the class of assignable actions, but bases it upon the rules of law and equity as they existed before the Code was passed. All the assignments in that case were made before the Code was enacted. The only authority cited by him, is *The People* agt. *Tioga Common Pleas*, (19 *Wend.* 73.)

In the latter case, the learned judge who delivered the opinion said, " I have not been able to find any case, in England, which, in respect to personal estate, has given the assignees a greater right than would go to an executor : none which vests in them a right of action for a personal tort, or indeed for *any mere tort;* while there are several cases in *Pennsylvania* which deny that such a right will pass." (*Id. pp.* 76, 77.) An action on a penal statute, and an action on the case for a *deceit*, are instanced as actions which do not survive. (*Shoemaker* agt. *Kelley*, 2 *Dall.* 213.)

But an executor or administrator may maintain actions on account of transactions of the testator or intestate in his lifetime, which the latter could not do if living.

If a person disposes of property with intent to defraud his creditors, the transfer is good as against himself, and he cannot avoid it. It is difficult to understand on what principle his volunteer assignee could maintain an action to rescind the sale and reclaim the property. Yet his executor or administrator may impeach the sale and reclaim the property, or recover its value. (*Bate* agt. *Graham*, 1 *Kernan*, 240.)

It, therefore, may not be accurate to say that all causes of

action arising out of transactions connected with personal property, which would accrue to an executor on the death of his testator, may be assigned by the latter, while living, with such effect that the assignee can sue and recover in his own name.

The cause of action stated in this complaint is one of *mere tort*, not injuriously affecting any property, personal or real. It may have induced a contract, not with the defendant, but with others. It does not arise out of contract. The claim, for the goods sold, still continues, unless it is outlawed. But they were not sold to the defendant. He received no property from the plaintiff's assignor, nor the proceeds of any property owned by him, nor did he physically injure any such property.

What he did was a pure naked tort, in no way affecting any specific property. I do not think the assignee of such a cause of action can prosecute in his own name.

The plaintiff has not, therefore, stated facts enough to show a cause of action existing in his favor against the defendant, on which he can maintain an action.

Judgment must be given for the defendant.