This action is for taking and converting the personal property of one Meritt. Admitting that the assignment by the latter was a valid transfer of his choses in action and other personal effects that were assignable, the principal question in the case is: Did the assignment in this case transfer a right of action for taking and converting personal property? The goods were sold on an execution in favor of defendant, and by his direction. But there was no proof that defendant himself took the goods before or after the sale, or converted them, except by directing them to be sold upon the executions; and the assignment was made nearly three months afterwards. The taking *Page 627 
and conversion were therefore complete at the time the assignment was made, and the defendant then had no interest in or control over the property.
I had supposed that a mere right of action for a tort could not be assigned, either at law or in equity, except by means of some statutory proceedings. (Gardner v. Adams, 12 Wend., 297;People v. Tioga Common Pleas, 19 id., 76; Thurman v.Wells, 18 Barb., 500; 2 Stor. Eq., §§ 1039, 1040, g,
1048; Hall v. Robinson, 2 Comst., 293; 1 Font., 213, n.g; Willard's Eq., 462.) A cause of action arising from a tortious act will sometimes pass to the assignees of an insolvent, or to the assignees in bankruptcy. In those cases, there can be no objection on the ground of champerty and maintenance; and the criterion is whether the action is to recover damages for an injury to the property of the insolvent or bankrupt, or for a wrong personal to him. A solatium for an injury done to the person or personal feelings of the debtor cannot be assigned. But if the substantial cause of action arises from an act that diminishes or impairs his property, it passes to the assignees. (Roseboom v. Mosher, 2 Den., 67, Bronson,C.J.; Beckham v. Drake, 2 H.L. Ca., 577; S.C., 11 M. W., 315; 8 id., 846; Rogers v. Spence, 12 Cl. Fin.,
700; S.C., 13 M. W., 571; 11 id., 191; Wetherell v.Julius, 10 Com. B., 267; Stanton v. Collier, 3 Ell. Bl., 274; Milnor v. Metz, 16 Pet. R., 221; and seeGillet v. Fairchild, 4 Den., 80.) The transfer in such cases is in compliance with a statute, and is generally in invitum. But where the act is done on the mere motion of the parties, the assignment of a bare right to bring an action for a mere tort has been considered void on the ground of public policy. There is nothing in the Code which abrogates this salutary principle; indeed the question is one of right or title and not of remedy.
There are other questions in the case; but on the objection already noticed, the judgment should be reversed. *Page 628 
MARVIN, J., concurred in the foregoing opinion delivered by Judge Hand.
Judgment affirmed.