## DUNHAM *a*. WHITEHEAD.

*Supreme Court, First District; General Term, September,* 1856.

CHATTEL MORTGAGE.—EVIDENCE OF CONSIDERATION.

Where a chattel mortgage given to secure a note is impeached, production of the note is *prima facie* evidence of a just debt.

Appeal from a judgment entered upon the report of a referee.

This action was brought by Thomas Dunham and Frederick Dimon against Samuel Whitehead, James Hare and John Pugh. The complaint showed, among other things, that the two defendants last named were formerly in partnership under the name of Hare & Pugh;—that the plaintiff and that the defendant Whitehead were creditors of the firm;—that Hare and Pugh being insolvent, had given a note to Whitehead for $4028, secured by a chattel mortgage upon all the stock, tools and property of the firm;—that both the note and the mortgage were without consideration, excepting the indebtedness of the firm to Whitehead, which did not exceed $1300. The object was said to be, to cover the property of Hare and Pugh from their other creditors. The complaint prayed, among other things, that the note and mortgage might be adjudged fraudulent as to the plaintiffs, and void; and that the defendant Whitehead might account as trustee, and out of the proceeds of the property in his hands, pay the claim of plaintiffs.

The answer of Whitehead admitted the giving of the note and mortgage by Hare and Pugh, denied that at the time of giving them the indebtedness of Hare and Pugh to Whitehead was only $1300, and alleged that the whole amount of the note was then actually due from Hare and Pugh to Whitehead, for money loaned and goods sold and delivered.

On the trial before the referee, no evidence was produced as to the consideration for which the note was given.

The referee reported as his conclusion that "Whitehead, having failed to show the consideration and amount of his debt,

it cannot be taken by presumptions at a greater sum than is admitted by the pleadings "—$1300—and accordingly he reported in favor of the plaintiffs. From the judgment entered on his report, the defendant Whitehead appealed.

*Allan Melville*, for appellant.

*Charles H. Hunt*, for respondents.

ROOSEVELT, J.—Where a chattel mortgage is impeached on the ground that the debt was not really due, the production of a promissory note is *prima facie* evidence in the first instance of a just debt, and needs no confirmatory proof, unless the plaintiff establishes a case of reasonable suspicion as to the *bona fides* of the transaction.[*]

A new trial must be ordered; the costs to abide the event.

---

[*] As the law has stood since the act of 1833 *Laws of* 1833, *ch.*, 279; 2 *Rev. Stats.*, 318, §§ 9–14), providing for the filing of chattel mortgages, the burden of proof is upon the party claiming under such mortgage to show that it was made in good faith and without any intent to defraud creditors or purchasers. This is so, notwithstanding that the mortgage has been duly filed. The filing of the mortgage does not operate to cure it of the suspicion which attaches to every transfer of personal property unaccompanied by change of possession. Filing is not even *prima facie* evidence of the validity of the mortgage. It only permits the party to give evidence to rebut the presumption of fraud arising from the want of change of possession. If the mortgage is *not* filed, it is, to use the words of the statute, " *absolutely* void " as against creditors and purchasers. (Gardner *v.* Adams, 12 *Wend.*, 297; Murray *v.* Burtis, 15 *Ib.*, 212; Doane *v.* Eddy, 16 *Ib.*, 253; Wood *v.* Lowry, 17 *Ib.*, 495; Smith *v.* Acker, 23 *Ib.*, 653; Cole *v.* White, 26 *Ib.*, 511; Griswold *v.* Sheldon, 4 *Comst.*, 581; Thompson *v.* Blanchard, *Ib.* 303; Otis *v.* Sill, 8 *Barb.*, 108; Groat *v.* Rees, 20 *Ib.* 26).

