## Case No. 18,078.

WRIGHT et al. v. FIRST NAT. BANK.

[8 Biss. 243; 18 N. B. R. 87; 6 N. Y. Wkly. Dig. 543; 18 Alb. Law J. 115; 2 Nat. Bank Cas. (Browne) 138; 10 Chi. Leg. News, 348; 6 Reporter, 229; 26 Pittsb. Leg. J. 11.] [1]

Circuit Court, D. Indiana. July 15, 1878.

USURIOUS INTEREST — RECOVERY BY ASSIGNEE IN BANKRUPTCY.

1. An assignee in bankruptcy is the "legal representative" of the borrower within the meaning of the thirtieth section of the national banking act [13 Stat. 108], and as such can maintain an action to recover back usurious interest paid, as provided for by said act.

[Cited in brief in Lafountain v. Burlington Sav. Bank, 56 Vt. 334.]

2. The right of action given by said section is a "claim" or "debt" which passes to the assignee.

3. Though such action is to recover a penalty, it is distinguishable from actions for damages growing out of mere torts to the bankrupt's person.

[Action to recover the penalty for taking usurious interest, brought by Arthur L. Wright and Henry H. Woollery, assignees of Francis J. Randolph, Frank Wright, and Ebenezer Nutting, bankrupts, against the First National Bank of Greensburg.] [2]

Coffroth & Stewart, Baker, Hord & Hendricks, and Dye & Harris, for plaintiffs.

McDonald & Butler, for defendant.

GRESHAM, District Judge. The declaration alleges that the defendant has reserved, taken and received usurious interest from the bankrupts. The action is brought to recover double the amount of interest thus paid, and is based upon the thirtieth section of the national banking act, which reads as follows: "Every association organized under this act may take, receive, reserve and charge on any loan * * * interest, at the rate allowed by the laws of the state or territory where the bank is located, and no more; except that where by the laws of any state a different rate is limited for banks of issue organized under state laws, the rate so limited shall be allowed for associations organized in any such state, under this act. And when no rate is fixed by the laws of the state or territory, the bank may take, receive, reserve, or charge a rate not exceeding seven per centum. * * * And in case a greater rate of interest has been paid, the person or persons paying the same, or their legal representatives, may recover back, in any action of debt, twice the amount of interest thus paid, from the association taking or receiving the same." 13 Stat. 108.

The defendant demurs to the declaration, on the ground that the plaintiffs, as assignees in bankruptcy, have no legal capacity to prosecute the action. This is the only question presented by the demurrer.

The right of action given by this section is penal. Tiffany v. National Bank, 18 Wall. [85 U. S.] 409. In the absence of a statute authorizing it, a right to a penalty cannot be assigned, nor, a right of action for a tort. Gardner v. Adams, 12 Wend. 297. The defendant exacted and received usurious interest. Had the bankrupts remained solvent, they might have prosecuted an action for double the amount of interest paid. Unless the right of action has been barred, it yet exists, either in the bankrupts or their assignees. It is insisted that because the bankrupts could not have sold or transferred the right of action, if they had remained solvent, that, therefore, their assignees have no legal capacity to prosecute the suit. Tiffany v. National Bank, supra, was an action by a trustee, to recover the penalty given by the statute. The plaintiff recovered, but his capacity to maintain the action seems not to have been directly raised. In the case of Crocker v. First Nat. Bank [Case No. 3,397], the precise question raised by this demurrer was considered, and it was held by Dillon, J., that the assignee was the "legal representative" of the borrower within the meaning of the banking act, and as such could maintain the suit whether the right of action vested in the assignee under the bankrupt law or not.

In Tiffany v. Boatman's Institution, 18 Wall. [85 U. S.] 375, the assignee in bankruptcy was allowed to recover usurious interest, which had been paid by the bankrupt in violation of the statutes of Missouri.

In Meech v. Stoner, 19 N. Y. 26, it was held that an assignee could maintain an action to recover money lost at faro, under a statute which gave the right of action to the loser. See, also, Carter v. Abbott, 1 Barn. & C. 444, and Gray v. Bennett, 3 Metc. [Mass.] 522. In this last case, the assignee of the insolvent debtor was allowed to recover three-fold the amount of usurious interest paid to the defendant, that being the amount allowed by the Massachusetts statutes. This is a well-considered case.

In Bromley v. Smith [Case No. 1,922], it was held by Miller, District Judge, that the assignee could not maintain an action to recover the penalty given by the statute. And it seems to be conceded that in the case of Barnett v. Muncie Nat. Bank [Id. 1,026], in the circuit court of the United States for the Southern district of Ohio, a similar ruling was made by Justice Swayne, and the late Circuit Judge Emmons, in an oral, but unreported opinion. To the same effect is Nichols v. Bellows, 22 Vt. 581.

The bankrupt act (Rev. St. §§ 5044–5047) vests in the assignee for the creditors the

---

1 [Reported by Josiah H. Bissell, Esq., and here reprinted by permission. 6 N. Y. Wkly. Dig. 543, and 26 Pittsb. Leg. J. 11, contain only partial reports.]

2 [From 18 Alb. Law J. 115.]

entire estate of the debtor—everything of beneficial interest passes by the deed of assignment, except certain necessary exemptions which are intended to protect the bankrupt and his family from temporary distress.

It is true that rights of action for torts to the debtor's person, such as assault and battery, false imprisonment, malicious prosecution, libel and slander, do not pass to the assignee. While it must be conceded that under the decision of the supreme court, this is an action, in part at least, to recover a penalty, yet there are reasons why claims of this kind should vest in the assignee which do not apply to rights of action for damages growing out of mere torts to the debtor's person. In the right of action given by the banking act the bank exacts and receives from the borrower more than the law allows as a fair compensation for the use of its money. In this illegal way, the bank gets into its possession part of the borrower's estate, money which should go to the creditors of the bankrupt borrower. This demand and receipt of illegal interest by the bank may have materially contributed to the bankrupt's downfall. The recovery allowed by the thirtieth section of the act is "in any action of debt."

If the assignees are not the "legal representatives" of the bankrupt within the meaning of the thirtieth section of the banking act, and the right of action never passed to them under the bankrupt act, then, unless the suit has been barred, the bankrupts may sue for and recover the money for their own benefit, when, perhaps, they have already received their full exemptions and have been discharged from all their obligations.

As between the bankrupts and their creditors, this would be unjust, and such a result is not easily reconciled with the chief object of the bankrupt law, which is the equal distribution of the insolvent debtor's entire estate amongst all his creditors.

In Gray v. Bennett, supra, "it is very clear," say the court, "that if a creditor of the insolvent debtor should attempt to prove a note under the commission, it would be the duty of the assignee to reduce the amount, if usurious interest had been taken on it, or was reserved in it, and in this manner the creditors would be benefited by such reduction. Why should they not have the advantage of it where the debtor was paid the usurious demand, prior to the insolvency and within the time limited by the statute for recovering it?"

I think the assignees are the "legal representatives" of the bankrupts within the meaning of the thirtieth section of the banking act; and that the right of action given by that section is a "claim" or "debt" which passed to the assignees under the provisions of the bankrupt law. Demurrer overruled.