## In re STERN et al.

(Circuit Court of Appeals, Eighth Circuit. April 6, 1906.)

### No. 49.

1. BANKRUPTCY—DEFENSE OF USURY AVAILABLE TO DEBTOR'S TRUSTEE—IOWA STATUTE.

Under the statutes of Iowa (Code 1897, §§ 3040, 3041) and the provisions of the bankruptcy act (Act Cong. July 1, 1898, c. 541, § 57a, 30 Stat. 560 [U. S. Comp. St. 1901, p. 3443]), the defense of usury is as available to the debtor's trustee in bankruptcy as to the debtor himself.

2. RECONSIDERATION OF CLAIMS—CONTROLLING ACTION BY TRUSTEE.

If the trustee refuses to move for the reconsideration of a claim which has been allowed, when he ought to do so, he may be compelled to act or to permit objecting creditors to act in his name.

(Syllabus by the Court.)

Petition for Revision of Proceedings of the District Court of the United States for the Northern District of Iowa, in Bankruptcy.

A claim for $9,377.64, filed against the estate of Ed. C. Brown and Noah F. Worth. bankrupts, by R. W. Ady, as receiver of the Sheldon State Bank, of Sheldon, Iowa, was allowed by the referee, over the objection of certain creditors that the claim was founded upon a usurious contract, that considerable payments of illegal interest had been made thereon and that in consequence the claim should be largely diminished. At the request of the objecting creditors the questions arising upon the objection, with the evidence taken before the referee, were certified to the district judge, who approved the allowance of the claim, but without prejudice to the right of the trustee to seek a re-examination thereof. The reasons assigned by the judge for this order were: "The objecting creditors in the present case are in no manner parties or privies to the alleged usurious contract of the Sheldon State Bank, in no manner connected therewith, and cannot therefore be heard to interpose the objection of usury thereto. It would seem that the legal representatives of the borrower might interpose the objection of usury the same as he might do. Whether or not the trustee in bankruptcy of this estate is such a representative, and might

interpose such objection for the purpose of preventing the allowance of illegal interest in this claim, need not be determined, for he is not interposing such objection. If he shall be of opinion that the amount of interest paid upon the claim in excess of the legal rate can be definitely established, and that it is for the best interest of the estate to expunge the same from the claim as allowed, he may move before the referee to reconsider the order allowing the claim, for this purpose, and the question may be thus raised and determined." In re Worth (D. C.) 130 Fed. 927, 932. The trustee was then requested in writing by the objecting creditors to petition the referee for a re-examination of the claim in order that the defense of usury might be interposed and the claim be diminished accordingly. The request was refused, and the objecting creditors then petitioned the referee for an order directing the trustee to comply with their request. The referee denied the prayer of this petition, and at the request of the objecting creditors the matter was certified to the district judge, who approved the referee's action, and assigned this reason for his ruling: "In the former ruling of this court, the question as to whether or not a trustee in bankruptcy could interpose an objection or plea of usury to the claim of a creditor of the bankrupt was purposely left undetermined because it was not then involved. Such question is not now involved, and therefore will not now be determined. The trustee is in a position to know or ascertain facts in regard to such alleged usury, and determine whether or not it is for the best interests of the estate to attack the claim upon this ground. His determination of such matter will not be controlled nor interfered with at the instance of others who have no right to interpose such objection or plea."

The purpose of the present petition is to secure a revision of this ruling. The trustee and the claimant, whose claim was sought to be re-examined, jointly opposed the effort to secure a re-examination, were represented by the same attorney, and have filed a joint answer to the present petition. The verification appended to this answer is as follows: "W. D. Boies, being first duly sworn, deposes and says that he is and has been the attorney for the respondents in the matter referred to in the foregoing answer, and has had personal charge of said matters from their inception, on behalf of said respondents; that all of said matters and things therein set forth are more familiar to this affiant than to either of said respondents; that affiant has read the foregoing answer of said respondents, and knows the contents thereof, and that the same is true, in substance and fact, to the personal knowledge of affiant."

The material portions of the statutes of Iowa on the subject of usury are as follows (Code 1897):

"Sec. 3040. No person shall, directly or indirectly, receive in money or in any other thing, or in any manner, any greater sum or value for the loan of money, or upon contract founded upon any sale or loan of real or personal property, than is in this chapter prescribed.

"Sec. 3041. If it shall be ascertained in any action brought on any contract that a rate of interest has been contracted for, directly or indirectly, in money or in property, greater than is authorized by this chapter, the same shall work a forfeiture of eight cents on the hundred by the year upon the amount of the principal remaining unpaid upon such contract at the time judgment is rendered thereon, and the court shall enter final judgment in favor of the plaintiff and against the defendant for the principal sum so remaining unpaid without costs, and also against the defendant and in favor of the state, for the use of the school fund of the county in which the action is brought, for the amount of the forfeiture; and in no case where unlawful interest is contracted for shall the plaintiff have judgment for more than the principal sum, whether the unlawful interest be incorporated with the principal or not."

W. T. Alden (R. M. Hunter and W. P. Briggs, on the brief), for petitioners.

J. F. McGee (W. A. Lancaster and W. D. Boies, on the brief), for respondent.

Before VAN DEVANTER and HOOK, Circuit Judges, and LOCHREN, District Judge.

VAN DEVANTER, Circuit Judge, after stating the case as above, delivered the opinion of the court.

While it is well settled by the decisions of the Supreme Court of Iowa that the defense of usury under the statutes of that state is personal to the debtor and may not be interposed by a stranger to the contract, no decision of that court has gone so far as to hold that the defense is not open to the debtor's administrator, executor, guardian, trustee in bankruptcy, or like legal representative. No question is presented, therefore, as to the effect to be given to such a decision in proceedings under the national bankruptcy act, and we are at liberty to follow the rule which we deem to be sustained by the better reason and authority; that is, that the defense of usury is as available to the debtor's trustee in bankruptcy as to the debtor himself. Brandon v. Pate, 2 H. Bl. 308; Brandon v. Sands, 2 Ves. Jr. 513; Gray v. Bennett, 3 Metc. (Mass.) 522; Tamplin v. Wentworth, 99 Mass. 63; Monongahela Nat'l Bank v. Overholt, 96 Pa. 327; Wheelock v. Lee, 64 N. Y. 242; Barbour v. National Exchange Bank (Ohio) 12 N. E. 5; Crocker v. National Bank, 4 Dill. 358, Fed. Cas. No. 3,397; Wright v. National Bank, 30 Fed. Cas. 673 (No. 18,078); In re Prescott, 19 Fed. Cas. 1286 (No. 11,389); Tiffany v. Boatman's Institution, 18 Wall. 375, 390, 21 L. Ed. 868; In re Kellogg, 57 C. C. A. 547, 121 Fed. 333.

On principle a claim not enforceable against the bankrupt ought not to be enforceable against his estate in the hands of his trustee, and such, we think, is the implication and effect of the bankruptcy act. Thus, section 57a (Act July 1, 1898, c. 541, 30 Stat. 560 [U. S. Comp. St. 1901, p. 3443]) requires the proof of claim to set forth that the sum claimed is justly owing from the bankrupt to the creditor; section 7 (30 Stat. 548 [U. S. Comp. St. 1901, p. 3424]) requires the bankrupt to examine the correctness of all proofs of claims filed against his estate, to immediately inform his trustee of any attempt by a creditor to evade the provisions of the act, and, in case a false claim is proved against his estate, to disclose that fact immediately to his trustee; and section 70a (30 Stat. 565 [U. S. Comp. St. 1901, p. 3451]) declares that the trustee shall be vested with all powers which the bankrupt might have exercised for his own benefit. The significance of these provisions, especially of those which enable the trustee to employ both the knowledge and the powers of the bankrupt, is obvious.

In respect of opposing the allowance of claims, and moving for their reconsideration after they have been allowed, the trustee is not bound to comply with every request preferred by objecting creditors, irrespective of its merits; nor is he clothed with absolute discretion to refuse. As the representative of the estate, he is bound to exercise his judgment and to act for the best interests of all concerned, but subject to the supervising power of the referee and the district judge. He does not act judicially, but only administratively, and, if he refuses to oppose a claim or to move for its reconsideration when he ought to do so, he may be compelled to act or to permit the objecting creditors to act in his name. Chatfield v. O'Dwyer, 42

C. C. A. 30, 101 Fed. 797; In re Lewensohn, 57 C. C. A. 600, 121 Fed. 538; In re Baird (D. C.) 112 Fed. 960.

In passing the order, now sought to be reviewed, the learned district judge omitted a duty of supervision which cannot be put aside and accorded to the action of the trustee a measure of consideration to which it is not entitled. Particularly is it apparent that the trustee's action was accorded undue consideration, when it is considered that from the inception of these proceedings he was represented and presumably advised by counsel who was also representing the creditor whose claim was challenged. Of course, this ought not to have been, no matter what may have been the belief of counsel respecting its propriety. The interests of the creditor were adverse to the bankrupt estate, with the protection of which the trustee was charged, and were in conflict with the interests of others who were represented by the trustee. Gray v. Grand Forks Mercantile Co. (C. C. A.) 138 Fed. 344. The situation, therefore, forbade any presumption or assumption that the trustee's refusal to move for a reconsideration proceeded from a correct conclusion.

Other questions were urged upon us in argument which will not be noticed at this time, because they have not been considered in the District Court and may not arise in the further progress of the case.

The order complained of is vacated, and the case is remanded to the District Court, with instructions that such further proceedings be had upon the last certification of the referee as may not be inconsistent with the views herein expressed.