# IN THE MATTER OF NARCISO FERRER, Bankrupt.

---

Ponce, Bankruptcy, No. 18.

1. As a general rule, the trustee of an estate in bankruptcy is the proper person to prosecute or oppose all claims in favor of or against the estate in his charge; but:

Matter of Ferrer.

2. Under § 7 of the bankruptcy act of July 1, 1898, it is undoubtedly the duty of the bankrupt himself to prevent excessive or false claims being proved against his estate, but the proper procedure, if such approval has taken place, is to request the trustee, who represents all the creditors, to move for a reconsideration of the same.

3. In case of the wrongful refusal of the trustee to move for such reconsideration of such claims, the bankrupt can apply to the referee for an order against him, to show cause in the premises, and can appeal to the court from the refusal of the referee to grant such order, the same as appeals can be requested to be certified as to other matters.

Opinion filed October 28, 1909.

---

*Mr. W. Vincent Robbins,* attorney for the bankrupt.

*Messrs. Frank Antonsanti* and *Damian Monserrat, Jr.,* attorneys for the creditors.

RODEY, Judge, delivered the following opinion:

The matter before us is an issue certified by the referee to the court for its opinion. The question referred to in the certificate, and upon which the court's opinion is requested, is: "Can a bankrupt personally petition for a reconsideration and rejection of claims against his estate after said claims have been allowed and a trustee appointed?"

We gather from the petition that on September 30, 1909, the bankrupt, through his attorney, filed before the referee twenty-two petitions for reconsideration of that number of claims of creditors against his estate, that had theretofore been allowed by the referee. The allegation made in the several petitions is that the claims referred to were approved for amounts in

excess of the true amount due from the estate to the creditor. The sums alleged to be in excess vary from $7.28 to $2,589.66, and the sum total of the excess thus alleged to have been allowed by the referee against the estate is, according to counsel for the bankrupt, $3,917.63.

The several petitions for reconsideration of these claims are identical, and are sworn to by counsel for the bankrupt. They simply set forth that the claim was allowed on a certain date, and that it was allowed for a sum in excess of the amount due such claimant, "according to the books and schedules of the bankrupt." That the trustee has failed to ask for the reconsideration of such claims, etc. Nothing is said as to why the bankrupt did not object to the allowance of these claims at an earlier day, nor is anything set forth in the way of fact on the merits to show why this alleged excess is improper, the petition simply stating that it is above the amount due the claimant, "appearing on the books and schedules of the bankrupt."

On October 11, 1909, which was the day set by the referee for a hearing on these petitions, the bankrupt appeared by his attorney, and the creditors interested appeared also by their attorney. The creditors moved that all the petitions be dismissed for the reason that the bankrupt has no right in law to appear for any such purpose, and that under the bankruptcy act, the only person who could contest such claims is the duly appointed trustee of the estate. It seems that considerable argument pro and con was had on this question before the referee. The latter, however, sustained the position thus taken, and dismissed the petitions. From this the attorney for the bankrupt requested an appeal and that the referee certify the matter to the court for its opinion.

Matter of Ferrer.

We have given the subject some examination, and out of the many authorities cited in the record that comes from the referee, we find but few that are really applicable; those are Chatfield v. O'Dwyer, 42 C. C. A. 30, 101 Fed. 797; Re Lewensohn, 57 C. C. A. 600, 121 Fed. 538; and Re Stern, 76 C. C. A. 10, 144 Fed. 956. A reading of them is profitable. We have not time at our disposal to make a search for further authority, but in the light of the language of the court in those three cases, and even on principle, we have come to the following conclusions:

That because § 7 of the present bankruptcy law makes it the duty of a bankrupt to "examine the correctness of all proofs of claims filed against his estate," and to "immediately inform his trustee of any attempt by his creditors or other persons to evade the provisions of this act," and to, "in case of any person having, to his knowledge, proved a false claim against his estate, disclose that fact immediately to his trustee," the intent of the law is that the bankrupt shall have the right, and it shall be his duty, to prevent the allowance of excessive claims against his estate by any creditor or set of creditors.

We think, though, that after the trustee is appointed, he is the proper person to contest all claims against the estate, because he represents all of the creditors in representing the estate. Therefore it is our opinion that the proper procedure here would have been for the bankrupt by himself, or through his attorney, to have applied to the trustee to move for a reconsideration of these claims if they have in fact been approved for an excessive amount, and if the trustee, who is an officer of this court, and who is in duty bound to prevent frauds against the estate, wrongfully refuses to do so, then to apply to the court for an order against him to show cause why he should not be compelled to

move for a reconsideration or to contest the claims. On such hearing the merits of the application and of the contention that the claims have in fact been allowed for excessive amounts can be gone into by the court itself, or the court might order the matter to be investigated by the referee, in case the application is not made to him in the first instance.

It is not intended by the views herein expressed that the trustee or referee shall be obliged, at the instance of contentious counsel or contentious bankrupts or individual creditors, to contest or move for reconsideration of any or every claim against the estate unless such officers believe that the application has merit.

Therefore we are of opinion that the referee erred in sustaining the motion of the creditors and dismissing these petitions without a hearing, because as soon as the matter was brought to his attention in any manner, it was his duty to ascertain whether the applications or petitions in fact had merit, and he could have ordered the trustee to appear and contest the claims, or could, after ascertaining the real facts, if he believed the applications for reconsideration had no merit, have certified that such applications were without merit, and have dismissed the same on that ground, but not upon the ground of the informality of the mode in which the matter was presented to him.

Therefore in this case, if the referee or trustee, on receiving a copy of this decision, shall not be satisfied that these petitions to contest these claims are frivolous, they are notified that it is their duty to immediately proceed to reconsider the same in proper and legal form, because the court itself reserves the right, on proper application, to disallow the whole or any portion of

these claims, if, as a matter of fact, they have been approved for a wrongful or excessive amount.

The referee and trustee will therefore govern themselves accordingly.