## ROSENBAUM et al. v. DUTTON.

(Circuit Court of Appeals, Eighth Circuit. February 26, 1913.)

No. 3,845.

1. BANKRUPTCY (§ 339*)—CLAIMS—ALLOWANCE—RIGHT TO CONTEST—"PAR-
TIES IN INTEREST."

Bankr. Act July 1, 1898, c. 541, §§ 57d, 57k, 30 Stat. 560, 561 (U. S.
Comp. St. 1901, p. 3443), provides for the allowance of claims unless ob-
jected to by "parties in interest," and declares that allowed claims may
be reconsidered before the estate has been closed. *Held*, that "parties in
interest," as used in section 57d, include all persons who have an interest
in the res which is to be administered, and hence include stockholders of
the bankrupt, who were the only persons that would be injuriously af-
fected by the allowance of a claim to which they objected, and which, if
allowed, would necessitate an assessment on stockholders.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 525, 526;
Dec. Dig. § 339.*]

2. BANKRUPTCY (§ 339*)—CLAIMS—OBJECTIONS—REHEARING—LACHES.

The affairs of a bankrupt corporation being in process of administration
in Missouri, and a motion to expunge a claim having been sustained
July 15, 1909, the claimant on July 27th filed a motion for rehearing,
which was granted November 15th, and the cause set for hearing on
December 17th following. On that day, after the referee had intimated
that he would hold against the claim, a conference was had between
the attorney for the trustee and the attorney for certain creditors, after
which it was agreed that the claim should be allowed by consent. These
proceedings were had without notice to the objectors, who were residents
of Pennsylvania and stockholders of the bankrupt, and the only persons
adversely interested in the allowance of the claim. They, on June 13,
1910, immediately after learning of the referee's action in allowing the
claim, filed a motion to set it aside. *Held*, that objectors were not bar-
red from such relief by laches.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 525, 526;
Dec. Dig. § 339.*]

Appeal from the District Court of the United States for the West-
ern District of Missouri; Arba S. Van Valkenburgh, Judge.

In the matter of bankruptcy proceedings of the Pittsburg Lead & Zinc Company, Consolidated. From a decree sustaining a referee's order overruling a motion and petition of H. S. Rosenbaum and another to expunge the claim of F. R. Dutton, petitioners appeal. Reversed and remanded, with directions.

See, also, 198 Fed. 316.

According to the statement of the referee: "The Pittsburg Lead & Zinc Company, Consolidated, was adjudged a bankrupt on the 14th day of September, 1908, upon an involuntary petition filed August 28, 1908. The first meeting of creditors was held on the 13th of October, 1908, at which meeting a claim in favor of F. R. Dutton was proved and allowed in the sum of $7,352.-69. Mr. S. A. Will was present at the meeting, and in answer to his inquiry was advised by the referee that he would be given time, and that, if he saw proper, he might file a motion to expunge the allowance. On October 18, 1908, claims were proved and allowed in favor of Rosenbaum and Will, respectively. On the 1st day of April, 1909, the trustee filed motions to expunge the allowance so made in favor of Will and Rosenbaum, respectively, and such proceedings were had thereon that on the 26th of April, 1909, the allowances of these claims were expunged. On the same day, April 1, 1909, the trustee filed a motion to expunge the claim allowed in favor of F. R. Dutton. Issues were made upon this motion, evidence heard, and a finding and judgment entered by the referee on the 15th day of July, 1909, sustaining the motion and expunging the allowance in favor of F. R. Dutton. On the 27th of July, 1909, Dutton filed a motion for a rehearing, which was granted on the 15th of November, 1909, and the cause set down for hearing on the 17th of December, 1909. On that day by consent of the parties a judgment was entered overruling the motion to expunge and permitting the claim to stand as allowed. On the 5th day of May, 1910, the trustee filed a motion for an assessment and call upon the unpaid stock of the stockholders of the bankrupt corporation to meet its unpaid debts, and notice was given to the stockholders thereof, and among others to Rosenbaum and Will, as such stockholders. On June 13, 1910, Rosenbaum and Will filed the motion now under consideration. This pleading, which is herein termed a 'motion,' is called a 'petition' by the pleader. It is, in effect, a motion to set aside the allowance of the claim, and also a motion to expunge the claim, as the pleading embraces both matters and the evidence is upon both points. The cause was submitted to the court upon both questions at the same time. The trustee also filed a paper, in which he stated he unites in the motion to set aside the order allowing the claim of Mr. Dutton and to expunge the same, but expressly refuses to adopt the pleading, so far as any improper act was done in the entering of the judgment sought to be set aside."

It appears from the evidence that a large number of the items included in Mr. Dutton's account are very questionable; but we do not desire to express any opinion as to this on this appeal. No notice was given to the appellants, who were the objecting creditors to the allowance of Dutton's claim, that his motion for rehearing had been granted by the referee and the cause set down for hearing on November 17, 1909. Appellants reside in the city of Pittsburgh, Pa., and knew nothing of the motion for rehearing having been granted, nor of the date when it was set down. The petitions of appellants set forth that Rosenbaum is a creditor of the bankrupt corporation in the sum of $700 by reason of having been compelled to pay a note of the bankrupt on which he was an indorser, and the petition of Will alleges that he is a creditor of the bankrupt in the sum of $1,800 by reason of being compelled to pay a note of the bankrupt on which he was one of the indorsers. They further state that, in the petition of the trustee for an order of the court to assess the stockholders of the bankrupt corporation, it was alleged that there remained unpaid indebtedness of the bankrupt estate about $8,000; that in this statement of indebtedness of $8,000 is included the claim of the appellee in the sum of $7,352.69, which claim had been allowed by the referee; that afterwards the trustee filed a motion to set aside and expunge the allowance of the said

Dutton on several grounds, and that upon the hearing of said motion the said Dutton was duly represented by counsel, and after a full and complete investigation of the claim of the said Dutton, the referee, on the 13th day of July, 1909, set it aside and expunged the same, the referee finding that the said Dutton was indebted to the bankrupt corporation for unpaid capital stock in the sum of $13,196, which amount was in excess of the allowance; that on the 15th day of November, 1909, the referee sustained a motion for rehearing filed by said Dutton, by consent of the parties, and the claim was allowed: that at the time said motion was made the trustee and the appellee were each represented by counsel at said hearing, and that after hearing the evidence the referee indicated that he would sustain the objections to the allowance of said Dutton, when counsel for the trustee, counsel for the creditors whose claims were undisputed, and counsel for Dutton retired from the room and entered into an agreement that Dutton should only receive $200 of the 5 per cent. dividend then declared on his claim of $7,352.69, and the balance of it was to be paid to the attorneys for the remaining creditors, whose claims were undisputed, and that thereupon his claim should be allowed by consent of all parties. It was also agreed between them that Dutton should collect the remainder of his claim from the appellants as stockholders of the corporation; that the referee had no information of this agreement, but was led to believe that it was an honest adjustment and final settlement, and for this reason reinstated the allowance of Dutton's claim in full; that Dutton is really indebted to the estate for the unpaid stock in the sum of $13,196.

The evidence shows that the attorneys for the trustee, who also appeared for other creditors of the bankrupt, whose claims amounted to about $800, were present, as well as Mr. Dutton and his attorneys; but neither the appellants nor their attorneys were present, having had no notice of the proceeding. An arrangement was then made by the attorney for the undisputed creditors, whose claims amounted to $700 or $800, who also acted for the trustee, and Mr. Dutton, that if he would pay them a certain part of the dividend which would be paid on his claim, everything over $200, they would consent to have his claim allowed in full. Neither the trustee nor the referee knew of this agreement. The parties having informed the referee that a judgment by consent allowing the claim in full might be entered, he entered it accordingly without knowing of this agreement. It also appears from the evidence that the claim of Dutton can only be paid by making an assessment on appellants for the unpaid part of their subscription to the capital stock of the bankrupt corporation.

As soon as appellants were advised of the action of the referee, they filed a motion to set aside the order allowing the claim of appellee and to expunge and disallow the same. The trustee in bankruptcy united with appellants in this motion. The referee held that they were not parties in interest, and for this reason had no right to file the motion, and therefore overruled it. On a petition for review the cause came before the District Judge, and at the hearing the trustee announced that he declined to prosecute the motion to expunge the claim of Dutton any further, and withdrew from the case, and thereupon the District Court held that the appellants were not proper parties to prosecute the petition for review, and affirmed the action of the referee. From this decree an appeal has been taken to this court.

A. Leo Weil, of Pittsburgh, Pa., and Goodwin Creason, of Kansas City, Mo. (James S. Botsford and B. F. Deatherage, both of Kansas City, Mo., P. H. Sangree and John D. Bohling, both of Sedalia, Mo., and Charles M. Thorp, of Pittsburgh, Pa., on the brief), for appellants.

Roy D. Williams and W. V. Draffen, both of Boonville, Mo. (R. S. Martin, of Pittsburgh, Pa., on the brief), for appellee.

Before SANBORN, Circuit Judge, and W. H. MUNGER and TRIEBER, District Judges.

TRIEBER, District Judge (after stating the facts as above). [1] Section 57d of the Bankruptcy Act (Act July 1, 1898, c. 541, 30 Stat. 560, 561 [U. S. Comp. St. 1901, p. 3443]) provides:

"Claims which have been duly proved shall be allowed upon receipt by or upon presentation to the court, unless objection to their allowance shall be made by parties in interest, or their consideration be continued for cause by the court upon its own motion."

Section 57k provides:

"Claims which have been allowed may be reconsidered for cause and disallowed or rejected in whole or in part, according to the equities of the case, before, but not after, the estate has been closed."

The only question involved is whether, in view of the fact that these appellants are the only persons who will be affected by the allowance of the claim of appellee, they being the only stockholders upon whom an assessment has been made, are "parties in interest" within the meaning of the statute. If this large claim of appellee is allowed, it will have to be paid by appellants, while, on the other hand, if the claim is found to be fraudulent or unjust, and is disallowed or expunged, they will be relieved of paying the assessment made by the referee for the purpose of paying off this claim.

We are of the opinion that by "parties in interest" in this section of the Bankruptcy Act are included all persons who have an interest in the *res* which is to be administered. In Re Sully, 152 Fed. 619, 81 C. C. A. 609, it was held:

"The term 'parties in interest' applies to those who have an interest in the *res* which is to be administered and distributed in the proceeding, and does not include those who are merely debtors or alleged debtors of the bankrupt."

In the instant case the only parties who have any interest in the res of this bankrupt are the appellants, for they are the only persons who can be injuriously affected by the result of the determination of this claim of appellee.

It is true that it has been determined by this court in Chatfield v. O'Dwyer, 101 Fed. 797, 42 C. C. A. 30, that an appeal from an order of the District Court allowing a claim presented by a creditor against the estate of the bankrupt, and which was objected to and contested by another creditor, can only be taken by the trustee in bankruptcy as the representative of all the creditors, but it was further held in that case, if the trustee in such a case refuses to appeal from the allowance of the claim on the request of the objecting creditor, the latter may move the District Court to direct the trustee to take an appeal as requested, or to permit the creditor to prosecute an appeal in the name of the trustee. In that case the trustee was not a party to the petition for review, nor was there any effort made to have him become a party to or permit the appellants to take an appeal in his name, while in the case at bar the trustee had joined appellants in the petition for review, and when it came up for hearing withdrew.

In Re Stern, 144 Fed. 956, 959, 76 C. C. A. 10, 13, the trustee had refused to move for a re-examination of a claim which had been al-

lowed, and upon application to the referee he declined to direct the trustee to file such a motion. The matter having been certified to the District Judge, he sustained the action of the referee, holding:

"That the trustee is in a position to know or ascertain the facts, and his determination of such a matter will not be controlled or interfered with at the instance of others, who have no right to interpose such objection or plea."

Thereupon the cause was brought to this court upon petition for revision, and was reversed. Judge (now Mr. Justice) Van Devanter, delivering the opinion of the court, said:

"In passing the order, now sought to be reviewed, the learned District Judge omitted a duty of supervision which cannot be put aside, and accorded to the action of the trustee a measure of consideration to which it is not entitled. Particularly is it apparent that the trustee's action was accorded undue consideration, when it is considered that from the inception of these proceedings he was represented and presumably advised by counsel who was also representing the creditor whose claim was challenged. Of course, this ought not to have been, no matter what may have been the belief of counsel respecting its propriety."

In Re Hudson River Electric Power Co. (D. C.) 173 Fed. 934, 956, it was held that a receiver appointed by a Circuit Court for the property of a corporation has the right to contest proceedings in bankruptcy against such corporation, and upon appeal this case was affirmed in 183 Fed. 701, 106 C. C. A. 139, 33 L. R. A. (N. S.) 454.

In Henry v. Jeanes, 47 Ohio St. 116, 24 N. E. 1077, it was held that a stockholder of a corporation, where the corporation refuses to appeal from judgments affecting its interests, may appeal under a statute allowing an appeal to "a party or other person directly affected."

Under these circumstances, and especially in view of the fact that the evidence in the record shows that many of the items of appellee's claim are at least suspicious, and that the referee, after a full hearing, had expunged the entire claim as fraudulent, appellants, as the only parties affected by the allowance of the claim, ought not to be deprived of the right to be heard. This is especially true, in view of the fact that they had no notice of the motion for rehearing and the peculiar circumstances under which the consent decree allowing the claim of appellee was entered.

[2] Nor were the appellants guilty of any laches, for immediately after learning of the action of the referee allowing the claim of appellee they filed the motion to set it aside.

We do not desire to express any opinion as to the merits of Mr. Dutton's claim, but we are of the opinion that the court below erred in refusing to pass upon the merits of the case, and the cause is reversed, and remanded to the District Court, with directions to permit the appellants to proceed in the name of the trustee, to instruct the referee to permit them and the appellee to appear within a reasonable time, after at least 10 days' notice to the parties or their attorneys of record, to present evidence, and then to hear and decide the case upon its merits, and that upon such decision the court take such further proceedings as are just and equitable.