### PARRIS vs. HIGHTOWER.

[This case was argued at the last term, and the decision reserved.]

1. Where an account has been divided into parts due in installments, and two suits have been brought in a justice's court and judgments rendered therein, *semble* that both cannot be carried to the superior court by one *certiorari*.

(*a.*) While the 44th rule of the superior court provides that all grounds of motion for a nonsuit, in arrest of judgment, etc., should be urged and insisted upon at once, and after a decision upon one or more of such grounds, no others afterwards urged should be heard by the court, this does not take away all discretion from the court in varying its application so as to prevent injustice, in case of mistakes, oversight, etc.

2. Where by agreement an account for goods sold on the same day was divided into four distinct parts, due on different days, the creditor had a right of action on each as it fell due, and if he waited until all had fallen due, he might sue on them separately or unite them, and he was not compelled to unite them so as to prevent the jurisdiction of a justice's court.

(*a.*) "Liquidated," as used in §447 of the Code, as to dividing claims so as to bring them within the jurisdiction of a justice's court, is equivalent to settled, acknowldged or agreed.

(*b.*) Where suits were brought on open accounts in a justice's court, and personal service had, if the defendant failed to appear and defend, the cases were properly considered in default, and judgments were properly rendered without proof of the account.

March 9, 1886.

Justice Courts. *Certiorari.* Practice in Superior Court. Judgments. Words and Phrases. Before Judge HAMMOND. Fulton Superior Court. March Term, 1885.

Reported in the decision.

JAMES A. GRAY, for plaintiff in error.

R. J. JORDAN, by brief, for defendant.

HALL, Justice.

The plaintiff on the same day sold goods to defendant, amounting in the aggregate to about $112. The account, by agreement between the parties, was divided into four separate and distinct parts, due respectively on different days. Neither part of it was paid on the day it fell due. On the first part falling due, he instituted suits in the justice's court; the last three were consolidated, and a suit was brought on them in the same court. Both summonses bore the same date, and both were served personally at the same time. The defendant did not appear, or plead to either suit, and at the trial term, a judgment by default was entered on each for the full amount of the account thereto attached.

The defendant petitioned for a writ of *certiorari*, including both suits in the same petition, and alleged therein that the account was improperly divided, so as to bring each case within the jurisdiction of the court, and that a suit brought on the entire account would have exceeded the jurisdiction of the court, and for this reason the judgments were void. A further error alleged was that the judgments were rendered without proof of either of the accounts.

The magistrate's answer to the writ and the exhibits attached showed that the accounts were divided as above stated, and that the suits were brought as hereinbefore set forth. He admitted that there was no proof of the accounts, but insisted that personal service of each summons dispensed with this proof. When the *certiorari* was called in the superior court, the plaintiff in the original suits asked that it be dismissed because the proceedings before the

magistrate showed no error; and at a subsequent stage in the trial of the case, he objected that the two suits were improperly joined in the petition, and the court sustained this objection and dismissed the *certiorari;* to which the defendant excepted, and she assigns error.

(1.) Because the motion to dismiss was made after the argument had commenced, and pending the concluding argument of her counsel in the case, and after one or more rulings of the court, the judge saying to counsel making the motion that he wished he would make all his motions at one time.

(2.) Because the court having all the proceedings before it in each case, and the jurisdiction of the justice's court depending upon both cases, had jurisdiction to determine and correct the errors complained of.

1. To the last of these assignments, we attach little importance, though it is far from being evident that there was error in the ruling upon the point. If the statute is taken literally, the decision was correct; the terms used surely contemplate that a *certiorari* lies to any case tried in a justice's court, whenever either party shall be dissatisfied with the decision or judgment "in said cause," etc Code, §4052. Though by the 44th rule of the superior court all grounds of motion for nonsuit in arrest of judgment, etc., should be urged and insisted upon at once, and after a decision upon one or more of such grounds, no others afterwards urged should be heard by the court (Appendix to Code, pp. 1351, 1352), yet we do not understand that this takes away all discretion from the court in varying its application so as to prevent injustice in case of mistake or oversight, etc. *Brinkley vs. The State,* 54 *Ga.,* 374.

2. No merits are disclosed by the petition and the magistrate's answer, and we are satisfied that the *certiorari* should not have been sustained. It is clear that the plaintiff had a right of action on each installment of this debt as it fell due, and no reason exists, if he chose to wait

until all of them were due, why this should deprive him of his right to bring suit as to either of them.    Debts which, in the aggregate, amount to more than justice's court jurisdiction, may be divided into liquidated demands, so as to bring each within such jurisdiction.    Code, §447.    The debtor has a right to have several suits in a justice's court consolidated, if by so doing the court is not ousted of its jurisdiction.    *Hartman vs. The Mayor, etc., of Columbus,* 45 *Ga.,* 96; *Mfrs. Bk. of Macon vs. Goolsby,* 35 *Id.,* 82. The sense in which "liquidated" is used in this connection is equivalent to "settlement," "arrangement," "acknowledgment," "agreement," "to clear from obscurity," etc., with each of which it is synonymous.    A debt may be liquidated, or changed, or settled, or arranged, or agreed on without setting out the terms of the agreement in writing.    This is the popular meaning of the term, and its legal import is not different, so far as we can ascertain.

These being suits upon open account, and the defendant being personally served, and having failed to appear and defend, either personally or by attorney, at the term when the cases were tried, they were properly considered in default, and judgment was as rightly taken as if each and every item in the several accounts sued on had been proved by other testimony.    This applies to all cases of suits on open accounts in the several courts of the state.    Code, proviso to §3457, and citations.    The court reached a correct result in the case, and it is immaterial whether a proper reason was given for the judgment rendered.

Judgment affirmed.