3197. PUFFER MANUFACTURING CO. *v.* RIVERS *et al.*

1. A judgment of a court of competent jurisdiction is conclusive between the parties and their privies, as to all matters put in issue, or which, under the rules of law, might have been put in issue, in the cause wherein the judgment was rendered.

2. Where suit is brought, by the payee of a series of notes given for the balance of the purchase-price of an article, on one or more of such notes, and the defendant pleads failure of consideration, a verdict and judgment in his favor can be pleaded as res judicata to a suit on the other notes of the same series.

DECIDED DECEMBER 19, 1911.

Attachment; from city court of Atlanta—Judge Reid. December 12, 1910.

The Puffer Manufacturing Company sold to the defendants a soda fount and apparatus for $530, of which sum the defendants paid $25 cash and $25 on delivery of the fount, executing for the balance a series of monthly promissory notes containing the usual clause that, in the event of default in the prompt payment of one note, the holder might at his option elect to treat the entire series as due and collectible. The defendants paid $150, and, on their refusal to pay the balance, the plaintiff instituted suit in a justice's court on the five notes past due at that time, aggregating $75. The defendants pleaded that the consideration of the notes had totally failed, in that the apparatus was utterly unsuited for the purpose for which it was bought. They further pleaded, by way of recoupment, that through leakage in certain parts of the apparatus, they had sustained a loss of $50 worth of syrups and mineral waters. Judgment against the plaintiff was asked, for $100, for breach of contract, and also for $150 as the amount paid on the purchase-price of the apparatus. On appeal to the superior court the jury found a verdict in favor of the defendants. Subsequently the plaintiff instituted suit on the other notes, by levying a purchase-money attachment on the apparatus. The defendants

pleaded res judicata, and, on the trial of this issue, introduced the pleadings and the verdict and judgment in the former suit. There was no other evidence, and the judge directed the jury to return a verdict sustaining the plea of res judicata. The plaintiff excepts to this ruling.

*Joseph D. Green, Dorsey, Brewster, Howell & Heyman,* for plaintiff. *Thomas L. Bishop,* for defendants.

RUSSELL, J. We think the court properly ruled in favor of the plea of res judicata. There was one entire contract between the parties, growing out of the purchase of a soda fount and apparatus, and the serial notes merely evidenced the time and manner of payment. When sued on one of the serial notes, it was proper to give in evidence, under a plea of total or partial failure of consideration, that one or more of the notes had been paid. *Crouch* v. *Spooner,* 9 *Ga. App.* 695 (5), (72 S. E. 61). Likewise, it would be relevant to show that there were other notes outstanding, not yet due or paid. The issue, therefore, on the first trial, was whether the soda fount and apparatus was worth more than the sum which had already been paid, namely, $150. The defendant contended that it was utterly worthless, and asked, not only a return of the amount paid, but also special damages in the sum of $100. The jury found a verdict in favor of the defendant, without allowing the special damages, thereby adjudicating necessarily one or the other of two things, to wit, that the soda fount and apparatus was worth either $150 or $250, and no more. If the jury believed that the defendant had really suffered the special damages sought to be recouped, and that under the charge of the court such damages could be allowed, then their verdict indicates that the soda fount and apparatus was worth, in their belief, $250, and no more. If no such special damages were allowed, then the verdict indicates that the apparatus was worth the sum already paid, namely, $150, and no more. This was the controversy between the parties, which the jury settled in favor of the defendant.

"A judgment of a court of competent jurisdiction is conclusive between the same parties and their privies, as to all matters put in issue, or which under the rules of law might have been put in issue, in the cause wherein the judgment was rendered." Civil Code (1910), § 4336. "Any conclusion which the court or jury must evidently have arrived at in order to reach the judgment or

verdict rendered will be fully concluded." *Kelly & Jones Co.* v. *Moore,* 128 *Ga.* 683, 686 (58 S. E. 181). However, if the defendant had not pleaded the failure of consideration in the first case, thereby raising the question, the principle of the case of *Worth* v. *Carmichael,* 114 *Ga.* 699 (40 S. E. 797), would have been applicable, and there would have been no estoppel.

The case at bar is very similar in principle to that of *Kennedy* v. *McCarthy,* 73 *Ga.* 346, in which one employed under contract for a year, with salary payable monthly, was discharged during the year, and, at the end of the first month thereafter, sued for the salary of that month. The employer defended on the ground of the incompetency of the employee, and claimed he had a right to discharge him. The jury found a verdict for the plaintiff. Subsequently the employee sued for other months during the year, and the employer sought to interpose the same defense; but the court held that the decision in the first case was conclusive as to the same defense in the second. The only substantial difference between that case and this one is that here the shoe pinches the other foot. Here the seller held a lot of notes, all of which were parts of the same contract, and all of which were, at his option, due and collectible. He elected to sue merely on some of the notes, and the defendants assert a defense which went to the very heart of the entire contract, and the issue terminated in their favor.

Now, by instituting suit on other notes under the same contract, the plaintiff seeks to reopen the old controversy, and force the defendant again to assert the same defense of failure of consideration. If this could be done, then the plaintiff could have instituted a separate suit on every one of the 35 notes, and thus have forced the defendant to assert and prove the same defense as to every one of them. The law of res judicata is intended to put an end to litigation, and where one controversy between the same parties has been fully heard on the merits and determined, the matter should be dropped.

There was no error in directing a verdict in favor of the defendant.                    *Judgment affirmed.*