# TRIBBY v. O'NEAL.

### SPLITTING OF ACTIONS; RES JUDICATA.

1. The rule against splitting causes of action is limited to cases where the remedies pursued in two or more actions could have been included in one.

2. A proceeding under sec. 33, D. C. Code [31 Stat. at L. 1194, chap. 854], which provides a summary method of determining the right to personal property and restoring the possession thereof to the rightful owner, when prosecuted to final judgment for the recovery of a piano unlawfully and maliciously seized and detained, is no bar to a subsequent action for the damages sustained through such seizure and detention, since the remedies pursued in the two proceedings could not have been included in one.

No. 2455.   Submitted December 5, 1912.   Decided December 30, 1912.

HEARING on an appeal by the defendants from a judgment of the Supreme Court of the District of Columbia in an action for damages growing out of an alleged unlawful and malicious seizure and detention of personal property.      *Affirmed.*

The facts are stated in the opinion.

*Mr. Howard Boyd* for the appellant.

*Mr. F. B. Rhodes* and *Mr. Elbert Johnson* for the appellee.

Mr. Justice VAN ORSDEL delivered the opinion of the Court:

Appellant, Charles E. Tribby, recovered a judgment in the municipal court of the District of Columbia against one Shortsleeves. In execution of a fieri facias on the judgment, a piano was seized and taken from the home of the judgment debtor. Appellee, Annie E. O'Neal, the owner of the piano, instituted a proceeding for trial of the right of property under sec. 33,

D. C. Code [31 Stat. at L. 1194, chap. 854]. In accordance with the procedure prescribed in sec. 34 and 35 of the Code, the case was prosecuted to final judgment, in which appellee was awarded costs and the release and return of the piano. Appellee then brought this suit in the municipal court for damages growing out of the alleged unlawful and malicious seizure and detention of the piano. The case went to judgment, and, on appeal, was tried *de novo* in the supreme court of the District of Columbia, resulting in a judgment for appellee. Appellant urged that the judgment in the former trial of the right of property was a bar to further action based upon the seizure of the property in question. On this point alone the present appeal is prosecuted.

Sec. 33 provides a summary statutory method, unknown to the common law, of determining the right of property and restoring possession thereof to the rightful owner. Actions under the statute, while tried and determined as a separate suit from the proceeding in which the alleged unlawful seizure is made, are instituted by interplea as part of such proceeding. The primary object of the act is to enable persons unlawfully deprived of possession of property under process of law to regain its possession by pursuing a simple and speedy remedy. Unlike similar statutes in some of the States, it makes no provision for recovery of damages. Appellee might have elected to bring an action in trespass for the value of the property taken, together with damages actual and vindictive, but this course would not have insured the return of the property taken. She might have elected to bring replevin or trover, but she would have been precluded from recovering vindictive damages. *Savage* v. *French,* 13 Ill. App. 17.

Counsel for appellant cites the case of *Kendall* v. *Stokes,* 3 How. 87, 11 L. ed. 506. In that case plaintiffs sued in mandamus to recover the full amount of a certain award. After recovery of the debt, they brought another suit to recover damages for the detention of the money. It was held that it was the same cause of action, and that plaintiffs could not resort to mandamus and to an action on the case also for the same

thing, when the same result could have been attained in the latter form of action. The court there makes a distinction as follows: "The case before us is altogether unlike the cases referred to in the argument, where, after a party has been admitted or restored to an office, he has maintained an action of assumpsit or case to recover the emoluments which have been received by another, or of which he had been deprived during the time of his exclusion. In those cases the cause of action in the mandamus was the exclusion from office; and the suit afterwards brought was to recover the emoluments and profits to which his admission or restoration to office showed him to have been legally entitled. The action of assumpsit or case would not have restored him to the office, nor have secured his right to the profits. But in the case before the court, if this action had been resorted to in the first instance, instead of the mandamus, the plaintiffs could have recovered the amount due on the award, and the damages arising from its unlawful detention must have been assessed and recovered in the same verdict. Clearly, they could not have maintained one action on the case for the amount due, and then brought another to recover damages; and this, not because both were actions on the case, but because they could not be permitted to harass the defendant with two suits for the same thing, no matter by what name the actions may be technically called, nor whether both are actions on the case, or one of them called a mandamus."

The remedy provided in the statute, as suggested, is specifically for the restoration to the rightful owner of the exact property wrongfully taken. It might consist of an heirloom of great value to the owner, but of little or no market value. Like the right to an office, appellee could not be compelled, in order to secure adequate damages, to surrender her rights under the statute to have the thing taken restored to her. Neither was she required to surrender her right to adequate damages for the unlawful detention, by being forced to adopt the statutory remedy in order to regain possession of her property.

It is a familiar rule that one cause of action cannot be split up and sued upon in several suits. The test, we think, is

whether the remedies pursued in two or more suits could have been included in one.   Appellee could not have proceeded in trover, where she could have recovered the value of the piano, and then have brought an action in trespass to recover vindictive damages, for she could have recovered both in trespass.   For the same reason it will not be urged that she could have been compelled to adopt replevin, and lose her right to vindictive damages.   The judgment in one suit will be a bar to another suit only when a remedy exists which insures the same relief sought in the two separate actions.   Applying this test to the case at bar, the remedy pursued by appellee in the former suit was not *res judicata* of the present action.   The sole object of the statute is to relieve persons in the situation of appellee. The remedy is not one for restoration of possession and damages, but for the former alone.   We are of opinion that if she desired to invoke the remedy furnished by the statute, and subsequently to sue in tort for damages sustained, she was not splitting a single cause of action.   Nor was she required to elect to pursue a different remedy manifestly inadequate to secure the rights sought in the separate actions, to the protection of which she was entitled.

The judgment is affirmed, with costs.          *Affirmed.*