4418.   WILLINGHAM *v.* BUCKEYE COTTON OIL CO.

RUSSELL, J. 1. The agent of a corporation is not, by reason of his agency,
  disqualified to become its surety upon an appeal bond. If he be solvent,
  his relation to his principal would not in any way diminish the right or
  power of the appellee to recover upon the bond.

2. An appeal is an investigation de novo. *Patterson* v. *Sams*, 2 *Ga. App.* 756 (59 S. E. 18) ; *Abrams* v. *Lang*, 60 *Ga.* 218, 221; Civil Code, § 5014. Where an action in a justice's court is not founded upon an unconditional contract in writing, the defendant's plea need not be sworn to; and unless the answer is a dilatory plea, or a defense to an unconditional contract in writing, it need not be filed at the first term. When a case is appealed from a justice's court to a superior court it becomes the duty of the defendant (if he relies upon any defense other than the general issue) to reduce his defense to writing before the case proceeds to trial. The performance of the duty of reducing his defense to writing may be in effect a mere amendment to the plea originally filed in the justice's court. But even if this be the case, he will not thereby be precluded from the right of further amending upon the trial. Civil Code, § 4739.

3. Where the contract is entire, but one suit can be maintained for a breach thereof, and all the breaches occurring up to the commencement of the action must be included therein. *Johnson* v. *Classett*, 9 *Ga. App.* 733 (72 S. E. 174) ; *Puffer Manufacturing Co.* v. *Reeves*, 10 *Ga. App.* 154 (73 S. E. 20) ; *Thompson* v. *Donald*, 84 *Ga.* 5 (10 S. E. 448) ; Civil Code, § 4389.

4. One who claims that there was a breach of a contract under which he was hired as a clerk for a period of one year, in that he was wrongfully discharged four and a half months before the expiration of the contractual relation, but who fails to institute his action to recover the amount of his unpaid monthly salary until after the expiration of the period covered by the contract, and then brings an action for only the other half of the salary for the month of his discharge, for which he has been paid half, is thereafter estopped to sue for the salary for the succeeding four months. The case is not affected by the fact that the amount claimed for the four and a half months is too large to be within the jurisdiction of the justice's court; for the reason that the plaintiff, and not the defendant, selects the forum in which their respective rights shall be investigated and determined.

*Judgment affirmed.*

DECIDED AUGUST 25, 1913.

Appeal; from Richmond superior court—Judge H. C. Hammond. August 16, 1912.

*W. K. Miller,* for plaintiff. *Bryan Cumming,* for defendant.