D. K. *Johnston, M. Herzberg,* contra.

---

6151, 6152.    SEABOARD AIR-LINE RAILWAY *v.* HAMILTON
(two cases).

If breaches occur at successive periods in an entire contract, an action will lie for each breach, but all the breaches occurring up to the commencement of the action must be included therein, and the plaintiff can not arbitrarily divide such breaches and bring one suit for some of them and file another suit on the same date for the others.

DECIDED JULY 31, 1915.

Complaint; from municipal court of Atlanta. November 6, 1914.

W. G. *Loving,* for plaintiff in error.

*Felder & Coburn, C. V. Hohenstein,* contra.

WADE, J.   J. S. Hamilton filed two separate suits against the
Seaboard Air-Line Railway September 8, 1914.   In one of the
suits the cause of action was stated as follows: "Suit on account
for salary under contract of employment for one year, from De-
cember 31st, 1914, at $2,000.00 per annum, the following months
being due and unpaid: March 15th, 1914, to June 1st, 1914, at
$166 2/3 dollars per month————$417." In the other suit the
cause of action was stated as follows: "Suit on account for salary
under contract of employment for one year from December 31st,
1913, to December 31st, 1914, $2,000 per annum.  The following
months being due and unpaid: June 1st, 1914, to September 1st,
1914, $166 2/3 per month, $500." The defendant filed a plea
to the jurisdiction in each case, alleging that both suits were based
upon the same contract, and the amounts claimed in each were due,
if due at all, on September 8, 1914, when the separate suits were
instituted, and that the plaintiff had split his demand against the
defendant into two parts, and had instituted on the same day two
separate suits therefor in order to give jurisdiction to the municipal
court of Atlanta, the jurisdiction of which court does not extend
beyond $500.

Section 4389 of the Civil Code reads as follows:  "Suits for
breach of contracts.  If a contract be entire, but one suit can be
maintained for a breach thereof; but if it be severable, or if the
breaches occur at successive periods in an entire contract (as where
money is to be paid by installments), an action will lie for each
breach; but all the breaches occurring up to the commencement of
the action must be included therein."  The two suits instituted by
Hamilton were each suits for several successive breaches by the de-
fendant of an alleged contract binding it to pay to the plaintiff a
salary amounting to $2,000 per annum, and even if it be assumed
that under the contract one twelfth of the total yearly salary of
$2,000, or the sum of $166.66 2/3, was payable monthly to the
plaintiff, or the total salary was payable in twelve monthly pay-
ments of $166.66 2/3, it appears clear, under the provisions of
section 4389, recited above, since the plaintiff permitted several
breaches to occur before commencing his action therefor (conced-
ing that the breaches occurred at successive periods in an entire
contract), that at the time of commencing his action he must have
included therein all breaches that had occurred up to that date, and

that he could not arbitrarily divide or split his cause of action and bring an action for several breaches of the contract in one suit, and a separate action for several other of such breaches, in order to give jurisdiction to the court in which his suits were filed. Had the plaintiff desired, if in fact his salary was payable monthly in certain agreed installments, he might have instituted an action at the expiration of each month for the installment then due, but where he waits until several installments are past due, he must, under the plain provisions of the statute, include all installments past due at the time he brings his suit in the action filed.

It was held by this court in *Willingham* v. *Buckeye Cotton Oil Co.,* 13 *Ga. App.* 253 (3), 254 (79 S. E. 496) : "Where the contract is entire, but one suit can be maintained for a breach thereof, and all the breaches occurring up to the commencement of the action must be included therein;" citing *Johnson* v. *Klassett,* 9 *Ga. App.* 733 (72 S. E. 174) ; *Puffer Manufacturing Co.* v. *Reeves,* 10 *Ga. App.* 154 (73 S. E. 20) ; *Thompson* v. *Donald,* 84 *Ga.* 5 (10 S. E. 448) ; Civil Code, § 4389. In *Johnson* v. *Klassett,* supra, the question is discussed at considerable length, and the various rulings of the Supreme Court are reviewed, and Hill, C. J., speaking for this court, said : "All of these cases are based upon the principle that both law and equity abhor a multiplicity of suits." In that case, it is true, the suit was upon an account, but certainly the rule which would prevent the bringing of several different actions upon an account by splitting the same into different demands would apply equally to suits based upon successive breaches of a contract. The case of *Parris* v. *Hightower,* 76 *Ga.* 631, relied upon by the defendant in error in the case we are now considering, may be easily distinguished. In that case the suit was upon an account, it was agreed between the parties thereto, at the time the debt was incurred, that the account should be divided into four distinct parts, due on different days, and after all of the four parts were past due, under the terms of the agreement, the plaintiff instituted an action on one part separately and on the three remaining parts together, and the Supreme Court held that the plaintiff was not compelled to unite them all in one suit "so as to prevent the jurisdiction of a justice's court," where the division of the account into such distinct parts, due on separate days, was by agreement between the parties. In the case under consideration, it is not alleged

that there was any agreement between the plaintiff and the Seaboard Air-Line Railway that the amount claimed by him when his two separate actions were filed on September 8 should be divided into two separate and distinct demands; and it is obvious that the ruling in the *Parris* case does not cover the facts in this case. If it were permissible, after several successive breaches in an entire contract had occurred, for the plaintiff arbitrarily to apportion or divide these breaches and institute at the same time two separate suits therefor, it would be equally allowable for the plaintiff to wait until all possible breaches under the contract had occurred, and then bring a separate and distinct suit for each breach, and thereby wholly nullify code-section 4389, supra, the purpose and intention of which is to prevent a needless multiplicity of suits.

The appellate division of the municipal court of Atlanta therefore erred in overruling the plea to the jurisdiction in each of the above-stated cases.          *Judgment reversed.*