5662. LOGANVILLE BANKING CO. *v.* FORRESTER *et al.*

RUSSELL, C. J. 1. Under the answer to the certified question propounded by this court to the Supreme Court in this case, the deed was infected with usury. *Loganville Banking Co.* v. *Forrester*, 143 *Ga.* 302 (84 S. E. 961). However, while the plea of usury is a personal one in this State, the debtor's trustee in bankruptcy is the representative of the debtor, and the defense of usury is as available to the debtor's trustee as to the debtor himself. In re Stern. 144 Fed. 956 (76 C. C. A. 10, 16 A. B. R. 510, 512). Consequently, in the proceeding brought by the trustee in bankruptcy to avoid the deed made by the debtor and to subject the land thereby conveyed to administration in the court of bankruptcy, the trustee might have pleaded that the deed was void for usury, and, having failed to avail himself of this defense, and the United States district court (which court had jurisdiction of such a question) having adjudged the deed to be a valid conveyance, the bankrupt is estopped by that judgment from asserting the invalidity of the conveyance upon the ground of usury. Res judicata as well includes that which could properly have been pleaded in the cause as that which was actually pleaded.

2. In view of the foregoing rulings, the court erred in excluding from the jury the certified copy of the transcript of the record in the United States court in the case in which the trustee in bankruptcy of the defendants had sought to avoid the deed, in declining to instruct the jury as requested by the plaintiff in error on the question of res judicata, and in overruling the motion for a new trial.

*Judgment reversed. Broyles, J., not presiding.*

DECIDED SEPTEMBER 25, 1915. REHEARING DENIED OCTOBER 2, 1915.

Exceptions to auditor's report; from city court of Monroe—Judge Stone. July 23, 1913.

*J. H. Felker,* for plaintiff.

*R. L. Cox, O. Roberts,* for defendants.

### ON MOTION FOR REHEARING.

WADE, J. It is insisted in the motion for a rehearing that the ruling made by this court, that the defense of usury is as fully available to the debtor's trustee as to the debtor himself, is virtually in conflict with the rulings of the United States Supreme Court in Frank *v.* Vollkommer, 205 U. S. 521, 526 (27 Sup. Ct. 596, 51 L. ed. 911), and in Bardes *v.* Hawarden Bank, 178 U. S. 524 (20 Sup. Ct. 1000, 44 L. ed. 1175, 1181). The bankruptcy act itself originally provided, in section 23*b,* that "Suits by the trustee shall only be brought or prosecuted in the courts where the bankrupt, whose estate is being administered by such trustee, might have brought or prosecuted them if proceedings in bankruptcy had not

been instituted, unless by consent of the proposed defendant." By the amendments of 1903 and 1910 this section was changed, by adding the following proviso: "except suits for the recovery of property under section sixty, subdivision *b*, and section sixty-seven, subdivision *e*, and section seventy, subdivision *e*." Collier on Bankruptcy (10th ed.), 467. Subdivision *b* of section 60 of the bankruptcy act as amended in 1903 and 1910 reads as follows: "If a bankrupt shall have procured or suffered a judgment to be entered against him in favor of any person or have made a transfer of any of his property, and if, at the time of the transfer, or of the entry of the judgment, or of the recording or registering of the transfer if by law recording or registering thereof is required, and being within four months before the filing of the petition in bankruptcy or after the filing thereof and before the adjudication, the bankrupt be insolvent and the judgment or transfer then operate as a preference, and the person receiving it, or to be benefited thereby, or his agent acting therein, shall then have reasonable cause to believe that the enforcement of such judgment or transfer would effect a preference, it shall be voidable by the trustee and he may recover the property or its value from such person, and, for the purpose of such recovery, any court of bankruptcy, as hereinbefore defined, and any State court, which would have had jurisdiction if bankruptcy had not intervened, shall have concurrent jurisdiction. Collier on Bankruptcy (10th ed.) 784. Section 67*e* provides that "all conveyances, transfers, assignments, or incumbrances of his property, or any part thereof, made or given by a person adjudged a bankrupt under the provisions of this act subsequent to the passage of this act and within four months prior to the filing of the petition, with the intent and purpose on his part to hinder, delay, or defraud his creditors, or any of them, shall be null and void as against the creditors of such debtor," and all such property "shall be and remain a part of the assets and estate of the bankrupt and shall pass to his trustee, whose duty it shall be to recover and reclaim the same by legal proceedings or otherwise for the benefit of the creditors;" and the amendment of 1903 added the following: "For the purpose of such recovery any court of bankruptcy as hereinbefore defined, and any State court which would have had jurisdiction if bankruptcy had not intervened, shall have concurrent jurisdiction." Collier on Bankruptcy (10th ed.) 927,

928. Section 70*e,* as amended by the act of 1903, provides that "the trustee may avoid any transfer by the bankrupt of his property which any creditor of such bankrupt might have avoided, and may recover the property so transferred, or its value, from the person to whom it was transferred, unless he was a bona fide holder," etc., and "for the purpose of such recovery any court of bankruptcy as hereinbefore defined, and any State court which would have had jurisdiction if bankruptcy had not intervened, shall have concurrent jurisdiction." Collier on Bankruptcy (10th ed.), 988. Section 19 of the act of February 5, 1903, provided that "the provisions of this amendatory act shall not apply to bankruptcy cases pending when this act takes effect, but such cases shall be adjudicated and disposed of conformably to the provisions of the said act of July first, eighteen hundred and ninety-eight." Collier on Bankruptcy (10th ed.), 1359.

In the Bardes case, supra, cited by the applicant for rehearing, the United States Supreme Court held that "The provisions of the second clause of section 23 of the bankrupt act of 1898 control and limit the jurisdiction of all courts, including the several district courts of the United States, over suits brought by trustees in bankruptcy to recover or collect debts due from third parties, or to set aside transfers of property to third parties, alleged to be fraudulent as against creditors, including payments in money or property to preferred creditors." The court further held in the same case that "The district court of the United States can, by the proposed defendants' consent, but not otherwise, entertain jurisdiction over suits brought by trustees in bankruptcy to set aside fraudulent transfers of money or property, made by the bankrupt to third parties before the institution of the proceedings in bankruptcy." The Bardes case, supra, arose some time before the amendment of 1903 was adopted, and was actually decided on May 28, 1900, so it is apparent that it can have no bearing upon the point now under discussion, in view of the amendment of 1903.

So also the case of Frank *v.* Vollkommer, supra, while it was decided in 1907, appears, from the statement of Mr. Chief Justice Fuller, to have been commenced in December, 1902, and therefore was decided in accordance with the law as it existed at that time, under the provision of section 19 of the amendatory act of 1903, that the amendment should not apply to bankruptcy cases pending

when that act took effect, but such cases should be adjudicated and disposed of conformably to the provisions of the original act of 1898. That suit was brought in the Supreme Court of New York by a trustee in bankruptcy, to set aside an alleged chattel mortgage on certain horses, etc., as fraudulent and intended to hinder, delay, and defraud creditors. It was complained that the State courts had no jurisdiction under the facts in that case, and the Chief Justice, speaking for the court, said: "In Bardes *v.* Hawarden Bank, 178 U. S. 524, we held that the bankruptcy court, except by the consent of the defendant, had no jurisdiction to try and determine a suit brought by a trustee in bankruptcy to recover property alleged to be part of the bankrupt's estate, or to have been transferred by him in fraud of the act, but that such suits must be prosecuted either in the State courts or in the circuit courts of the United States where diversity of citizenship existed. The act of 1898 was amended by the act of February 5, 1903, 32 Stat. 797, c. 487 [Supp. 1905, p. 682], section 19 of which provided that the act should 'not apply to bankruptcy cases pending when this act takes effect, but such cases shall be adjudicated and disposed of conformably to the provisions of the said act of July first, eighteen hundred and ninety-eight.' The present case was commenced in 1902, and besides the amendment gave the bankruptcy court concurrent and not exclusive jurisdiction." The court further called attention to the fact that the rule would be different as to cases brought since the amendment of 1903, by quoting, in the margin of the decision, sections 23*b*, 60*b*, 67*e*, and 70*e*, as amended, and also section 19, above mentioned, of the act of 1903.

It is apparent that these two decisions from the United States Supreme Court above cited do not sustain the view presented in the motion for a rehearing, that the bankruptcy court was without jurisdiction to hear and determine any question affecting the validity of the deed, which the trustee in bankruptcy was seeking to attack as a fraudulent preference, as this proceeding was instituted after the adoption of the amendments referred to above by which the bankruptcy court was vested with as full and complete jurisdiction as the State courts might process.

The rule is broadly laid down in Collier on Bankruptcy (10th ed. 1914), as follows: "The exceptions added to the subsection *b*

[of paragraph 23 of the bankruptcy act] by the amendments of 1903 and 1910 result directly in the clothing of a district court with full jurisdiction to entertain a suit brought by a trustee to recover property preferentially transferred within the meaning of § 60-b or fraudulently transferred or incumbered within the meaning of § 67-e, or § 70-e. Such a suit may be laid either in the proper State court or in a district court even without the consent of the proposed defendant. If brought in a State court, a Federal question is presented, which may be certified to the United States Supreme Court. If in the district court, it need not be in the district where the bankruptcy proceeding is pending. Such a suit could formerly be brought, under certain circumstances, in the circuit court, as has already been shown." See also 2 Remington on Bankruptcy (2d ed.), § 1688.

As now well settled, the trustee in bankruptcy could properly institute a plenary suit in a bankruptcy court to set aside and void a deed made by the bankrupt, on the ground that the deed was fraudulent and intended to hinder, delay, etc., and, in order to defeat such a deed, it apparently follows, as a logical result, that the trustee would be authorized to urge in that court, to avoid an alleged fraudulent preference, any legally sufficient reason or defense which the debtor himself might have urged in a State court if bankruptcy had not intervened. In 2 Remington on Bankruptcy (2d ed. 1915) the following rule is laid down in section 1196: "So, also, he [the trustee] may plead usury, although this defense is usually said to be one purely personal to the debtor." This statement is supported by a number of cases there cited.

In re Worth (D. C. Iowa), 130 Fed. 927 (12 A. B. R. 566), the following obiter expression may be found: "It would seem that the legal representatives of the borrower might interpose the objection of usury the same as he might do." Creditors do not succeed to the bankrupt's personal privileges, as does the trustee, and whether they might interpose the objection of usury is another question. 2 Remington on Bankruptcy, 1017. In Georgia a plea of usury is purely personal to the debtor, as in Iowa (as appears from the Stern case, supra), and the rule applying to a case originating in Iowa would in this respect be equally applicable to a case arising in Georgia.

No claim of usury was in fact presented by the trustee in bankruptcy in the proceedings brought by him in the Federal court to set aside and cancel the security deed therein attacked, and which it is now sought to avoid in the State courts on that ground. This fact is, however, immaterial, in view of the ruling made by this court, that the claim of usury was one which the trustee in bankruptcy could have advanced in the proceeding brought by him in the bankruptcy court to set aside the deed given to secure the debt alleged to be due to the Loganville Banking Company by Forrester et al., since it is well settled that in this State judgments conclude the parties not only upon the matters expressly involved in the litigation, but also upon all that might properly have been called in question under the pleadings in the case. In other words, a judgment of a court of competent jurisdiction is conclusive between the parties and their privies, as to all matters actually put in issue, or which, under the rules of law might have been put in issue, in the case in which the judgment was rendered. See *Puffer Manufacturing Co.* v. *Rivers,* 10 *Ga. App.* 154 (73 S. E. 20); *Cohen* v. *Meador,* 137 *Ga.* 551 (73 S. E. 749); 6 Enc. Dig. Ga. R. 336, 337, 338, and numerous cases there cited.

As the trustee stood in the place of the bankrupt and could have availed himself, as fully as the bankrupt himself could have done, of the defense of usury, in attacking the security deed made by the bankrupt to the Loganville Banking Company, the fact that he failed to urge this legal objection to the deed under attack can not inure to the benefit of the bankrupt he represented, since in the suit brought by him to set aside this deed there was an adjudication of every issue that was raised or could properly have been raised in that proceeding. The defense of usury, though not presented by the trustee in that proceeding, would be res judicata as to him in a subsequent proceeding, brought under the laws of Georgia, and therefore the plea of res judicata would be good as against the bankrupt, now seeking to set up this defense in the State courts.

For the reasons briefly given above, the court adheres to its ruling formerly made in this case, and denies the application for rehearing.