7505, 7561.   LOGANVILLE BANKING COMPANY *v.*
FORRESTER *et al.;* and *vice versa.*

This case is controlled by the former decision of this court therein (17 *Ga. App.* 246, 87 S. E. 694).

DECIDED FEBRUARY 16, 1917.

Complaint; from city court of Monroe—Judge Stone.   May 8, 1916.

*J. H. Felker,* for plaintiff.

*R. L. Cox, O. Roberts,* for defendants.

BROYLES, P. J.   1.   This suit as originally filed was an ordinary action on notes, brought against R. A. Forrester & Co. and S. N. Forrester. Subsequently the plaintiff amended its petition by striking out all prayers asking for a general judgment against the defendants, and praying for a special judgment against the land of S. N. Forrester only. The case was referred to an auditor, and

his findings in favor of the defendant were excepted to. The exceptions of law were overruled by the trial judge; the exceptions of fact were submitted to a jury, and a verdict was rendered finding against them, and a judgment was entered for the defendant. A motion for a new trial was overruled, and the case was brought to this court, where the judgment was reversed and the case sent back for a new trial. Upon the new trial the defendant made a motion to dismiss the entire case, on the ground that the city court of Monroe was deprived of jurisdiction by the plaintiff when it amended its original petition as aforesaid, the contention being that the amendment left the cause a purely equitable one, of which the city court of Monroe had no jurisdiction. This motion was overruled and the defendant filed exceptions pendente lite, upon which he assigns error in his cross-bill of exceptions. The question involved in this assignment of error is whether the trial court had jurisdiction to render the special judgment against the land, as prayed for in the amendment to the petition. When this court rendered its decision reversing the judgment of the lower court, the defendant in error, within the time allowed by law, made a motion for a rehearing of the case, and in that motion specifically called the attention of this court to this amendment to the petition, and pointed out the alleged lack of jurisdiction of the city court of Monroe to render the judgment therein prayed for. The rehearing was denied, and, although in the decision of this court on the motion for a rehearing, written by Judge Wade, this point is not discussed, nevertheless it must be held that when the court declined to grant the motion for a rehearing and adhered to its former ruling, it passed upon all the questions made in that motion, including this one of alleged lack of jurisdiction of the trial court. Consequently the judgment of this court, which became the law of the case, is that the lower court had jurisdiction to render the special judgment against the land as prayed for in the amendment to the plaintiff's petition. It follows that the court did not err in overruling the motion of the defendant to dismiss the cause for the alleged lack of jurisdiction.

2. The other assignments of error in the cross-bill of exceptions are without merit.

3. When this case was formerly before us (17 *Ga. App.* 246, 87 S. E. 694), the matter of res judicata was (as it is now) the con-

trolling point, and it was then held by this court that the defendant was estopped by the judgment of the United States district court for the northern district of Georgia, holding that the deed in question was valid, from thereafter asserting in the State courts its invalidity on the ground that it was infected with usury. When the judgment of this court was made the judgment of the lower court, counsel for both sides agreed in writing to try the case solely on the question of res judicata, and to confine the issues to exceptions of the law to the auditor's report, numbered 1, 2, 3, and 10, and exceptions of fact numbered 15 and 21, these exceptions being the ones pertaining to the question of res judicata. Under the former decision of this court in this case, the question of res judicata was finally settled. The issue as to whether the deed in question was a valid conveyance, although infected with usury, was concluded in favor of the validity of the deed, and it was distinctly held that the bankrupt (who is the defendant in this case) was estopped by the judgment in the United States district court from asserting in this case the invalidity of the deed upon the ground of usury, although the question of usury was not passed upon by the Federal court; Judge Wade, who wrote the opinion for this court, saying: "No claim of usury was in fact presented by the trustee in bankruptcy in the proceedings brought by him in the Federal court to set aside and cancel the security deed therein attacked, and which it is now sought to avoid in the State courts on that ground. This fact is, however, immaterial, in view of the ruling made by this court, that the claim of usury was one which the trustee in bankruptcy could have advanced in the proceeding brought by him in the bankruptcy court to set aside the deed given to secure the debt due to the Loganville Banking Company by Forrester et al., since it is well settled that in this State judgments conclude the parties not only upon matters expressly involved in the litigation, but also upon all that might properly have been called in question under the pleadings in the case. . . . As the trustee stood in the place of the bankrupt and could have availed himself, as fully as the bankrupt himself could have done, of the defense of usury, in attacking the security deed made by the bankrupt to the Loganville Banking Company, the fact that he failed to urge this legal objection to the deed under attack can not inure to the benefit of the bankrupt he repre-

sented, since in the suit brought by him to set aside this deed there was an adjudication of every issue that was raised or could properly have been raised in that proceeding. The defense of usury, though not presented by the trustee in that proceeding, would be res adjudicata as to him in a subsequent proceeding, brought under the laws of Georgia, and therefore the plea of res adjudicata would be good as against the bankrupt, now seeking to set up this defense in the State courts." It is clear from what has been said that the controlling question in this case is one of law, and that it was definitely settled by this court in the decision just referred to, and has become the law of the case. The verdict and judgment for the defendant were contrary to the law and the evidence, and the court erred in overruling the motion for a new trial. In view of this ruling it is unnecessary to consider the other assignments of error in the main bill of exceptions or in the motion for a new trial. It is clear from a consideration of the case that the material parts of the exceptions of fact, numbers 15 and 21, to the auditor's report, are really exceptions of law. It was therefore error for the court to submit these exceptions to the jury.

Under all the facts and the history of this case, and for the purpose of ending this long and expensive litigation, the controlling point in the case having been clearly and unequivocally passed upon by this court in its former decision, and no other legal result except a finding for the plaintiff being possible, and there being no issues of fact to be passed upon by a jury, the judgment of the lower court is reversed, with direction that the aforesaid exceptions of law to the auditor's report, and the so-called exceptions of fact thereto, be sustained, and that a special judgment against the land in question be entered up in favor of the plaintiff.

*Judgment on the main bill of exceptions reversed, with direction; affirmed on the cross-bill of exceptions. Jenkins and Bloodworth, JJ., concur.*