## BUCHANAN et al. v. GENERAL MOTORS CORPORATION.

District Court, S. D. New York.

Jan. 4, 1946.

Pennie, Davis, Marvin & Edmonds, of New York City (Daniel V. Mahoney, of New York City, of counsel) for plaintiffs.

Cooper, Kerr & Dunham, of New York City (John N. Cooper, of New York City, of counsel) for defendant.

CONGER, District Judge.

Plaintiffs move for summary judgment for the sum of $11,579.80. Plaintiffs submit in support thereof affidavits and exhibits. Defendant makes a cross motion for summary judgment against the plaintiffs, and submits in support of its motion, the pleadings and proceedings in this action, together with certain stipulations and various papers and proceedings had in this court in a prior action.

Both sides assert that there is no genuine issue as to any material fact herein.

Plaintiffs' complaint against defendant is as follows:

· That on or about June 27, 1937, Mechanical Ice Tray Corporation and I.C.E. Corporation entered into an agreement with defendant under which Mechanical Ice Tray Corporation licensed defendant to make and sell ice trays for mechanical refrigerators under certain Letters Patent owned by said Mechanical Ice Tray Corporation in consideration of royalty payments to be made by defendant to Mechanical Ice Tray Corporation and to certain individuals.

That during the years 1939, 1940 and 1941 defendant manufactured and sold ice trays within the scope of said agreement which ice trays consisted of two devices on which two unit royalties should have been paid in accordance with the agreement but that defendant paid only one royalty on such ice trays, and concealed from the plaintiffs and their predecessors the facts with respect thereto.

That plaintiffs and/or their predecessors in title had no knowledge of defendant's failure to pay the proper royalties until April, 1943.

It is stipulated that plaintiffs are either the same individuals or successors in interest of all those interested in said contract and in the royalties to be paid by defendant under said contract.

Defendant, by its answer, contends, and if it is correct, then defendant's motion must be granted, that the cause of action here asserted was merged and barred by the judgments entered in the prior action because the parties to each action and the causes of action are identical and that plaintiffs are here attempting to carve out and maintain a cause of action which was part of the original cause as determined by the judgment in the prior action.

This law suit arises out of the royalties to be paid by defendant pursuant to the agreement of June 26, 1937.

In connection with its business, defendant did make and sell ice trays. For some of these it did pay royalties under the agreement. For others, which it claimed were of a different type it paid no royalties, claiming that they did not come within the terms of the agreement and did not embody the inventions of the licensed patents.

It was for failure to pay these royalties that plaintiff sued in the first cause of action. The allegation in the complaint was "that defendant has manufactured and sold ice trays embodying the inventions of the licensed patents upon which it has failed to pay royalties * * *."

That was an action to recover royalties allegedly due from April 1, 1940, and for an accounting therefor.

The District Court did find that the plaintiffs were entitled to partial relief, Mechanical Ice Tray Corp., and I.C.E. Corp. v. General Motors Corp., Southern District of New York, judgment entered October 11, 1943. Upon appeal, the Circuit Court of Appeals for the Second Circuit reversed and dismissed the complaint and the amendment thereto and each and every cause of action therein set forth. See 144 F.2d 720.

Plaintiffs now sue for unpaid royalties on double grids allegedly due and unpaid for a period prior to and shortly after April 1, 1940.

The prior suit as far as I can ascertain from the record had to do with the manufacturing of single ice trays. Whatever royalties were paid were "single royalties." Plaintiffs now claim that defendant in 1939, 1940 and 1941 manufactured and sold double trays upon which defendant paid but a single royalty and upon which plaintiffs claim there should have been paid a double royalty.

It is not denied by defendant that it made these large trays with two grids each, but it contends and did contend very early that each tray was one unit upon which only one royalty should be paid. At any rate when defendant paid royalties it always paid on the basis of one royalty for each tray.

Plaintiffs claim that at the time the first suit was commenced they did not know that these double trays were being made by defendant and had no reason to question whether defendant paid one or two royalties on such double trays and had no reason therefore to include any charge of breaches of the agreement with respect to royalties on double trays in the complaint at the time it was filed.

In order to prepare for the first trial, plaintiffs applied for and were granted an inspection of defendant's books to find out exactly what had been made and sold by defendant upon which royalties had been paid and on which royalties had not been paid.

It was during this examination during the month of April, 1943, that plaintiffs claim they discovered for the first time that defendant had sold double trays on which a single royalty only had been paid.

Defendant has failed to convince me that plaintiffs ever had such knowledge before the commencement of the first action and before April, 1943, and for the purpose of this decision I assume that plaintiffs had no such knowledge.

I agree with defendant that to all intents and purposes the parties to both of these actions are identical; and the causes of action are the same in so far as both are for breaches of the same contract, which occurred prior to the institution of the first suit, and that this cause of action could very well have been included in the first complaint with simply a change of date to cover royalties claimed since 1939.

I am not prepared to go along with defendant that the relief here demanded could have been obtained under the complaint in the prior action. It could have been, however, by the simple amendment indicated above.

When the prior action was started the breaches of contract set forth in the complaint in this action had occurred. Had

plaintiffs known of the facts upon which this cause of action is based at the time of the institution of the prior action, there can be no doubt that they would be precluded from splitting their causes of action into two parts. That is exactly what is being done here.

It is a well settled rule of law that all breaches of contract prior to the commencement of a suit for such breaches are considered as a single cause of action, and if a party brings a suit for a part only of an entire indivisible demand and such action is disposed of on the merits, it may not subsequently sue for recovery on the demands omitted (Restatement of the Law of Judgments, § 62, Williston on Contracts, Rev. Ed., vol. 5, § 1292, page 3679). Baird v. United States, 96 U.S. 430, 24 L.Ed. 703.

Ordinarily the prior judgment would be a bar to the claim presented here.

A former judgment is a finality as to the claims or demands in controversy, including parties and those in privity with them, not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissible matter which might have been offered for that purpose. Snell v. J. C. Turner Lumber Co., 2 Cir., 285 F. 356.

Plaintiffs admit the existence of the general rule as above stated but contend that it only applies where the breach not pleaded in the action is known to the plaintiffs at the time the action is brought, (see Gedney v. Gedney, 160 N.Y. 471, 55 N.E. 1); but I find no clear authority for the argument that the plaintiffs come within the exception because of the fact that the knowlege of the breaches was had only after initiation of the prior suit and that the rule may not be invoked when the knowledge is gained between the service of the complaint and the trial. Cf. In re Garment Center Capitol, Inc., 2 Cir., 93 F. 2d 667, 115 A.L.R. 202.

The plaintiffs became aware of the facts pleaded two months before the trial of the previous action. It would have been a simple matter to amend (as I have indicated) before the trial, during the trial or after the trial, to conform to the proof, if these facts had been offered. See Federal Rules of Civil Procedure, rule 15 (a–c), 28 U.S.C.A. following section 723c.

As a matter of fact plaintiffs, on the prior trial and after the trial had been completed, were permitted to and did amend the complaint to include a claim for violation of an implied obligation to exploit licensed patents.

The complaint in the prior action was filed September 26, 1941. The trial commenced on June 22, 1943. On April 21 and 22, 1943, plaintiffs received the information upon which this second suit is based. Yet, they made no attempt to amend to include in the complaint these claims which certainly were a part of and indivisible from the claims and demands then in suit. Plaintiffs now urge no reason for the failure to so amend.

I feel that the plaintiffs with the information, which they had, should have amended to include these claims and demands, and having failed to do so are barred from maintaining this action. The information so obtained in April, 1943, was part of a group of facts already known to plaintiffs. This information created no new situation except the question of whether a double royalty should be paid on these trays. Plaintiffs had the accounting showing the number and type of trays sold by defendant. There was presented to them no great or unsurmountable difficulty.

Rule 15 of the Federal Rules of Civil Procedure recognizes that at the trial stage pleadings should not be over-emphasized. It re-emphasizes and assists in attaining the object of the rules on pleadings; that pleadings are not an end in themselves, but are only a means to the proper presentation of a case; that at all times they aim to assist, not deter the disposition of litigations on their merits. Moore's Federal Practice, page 785, par. 15.01.

The machinery was there for plaintiffs to use. They failed to do so. Plaintiffs had jurisdiction of the defendant. During a period of two months before the trial and at any time during the trial, plaintiffs could have moved to amend to include this claim. Without doubt it would have been granted. Having failed to do so, I feel that the second action is barred. I find nothing to take this case out of the ordinary rule. In re Garment Center Capitol, Inc., et al., supra.

The motion of defendant is granted and that of the plaintiffs denied.

Settle order.