## ASTOR PICTURES CORPORATION v. SHULL.

### No. 752.

Municipal Court of Appeals for the District of Columbia.

Feb. 4, 1949.

Joseph Luria, of Washington, D. C., for appellant.

J. Robert Corey, of Washington, D. C. (Michael F. Keogh, of Washington, D. C., on the brief), for appellee.

Before CAYTON, Chief Judge, and HOOD and CLAGETT, Associate Judges.

CAYTON, Chief Judge.

Appeal from an order granting defendant's motion to dismiss a suit for accounting. The complaint alleged that the parties had entered into an agreement under which plaintiff leased certain moving picture prints to defendant on a percentage arrangement under the terms of which defendant was to furnish plaintiff a weekly statement of the gross receipts derived from the rental of such films and to allow plaintiff access to the books of defendant covering rental of such pictures. The complaint further alleged that defendant had refused to furnish reports of the rental of the films, had refused to allow plaintiff inspection of his books, and had refused to pay plaintiff any part of the rental derived from said films as provided in their agreement. By way of relief plaintiff demanded that defendant be ordered to furnish plaintiff a statement of the rental of the films involved covering the period from November 1, 1947, that plaintiff be allowed to examine defendant's records on the subject and that a money judgment be entered for such amount as may be shown to be due the plaintiff from said rentals. Plaintiff alleged that the amount involved was less than $3,000, the limit of the jurisdiction of the Municipal Court.

Defendant filed a motion to dismiss the accounting suit on the ground that some four months earlier plaintiff had sued him in replevin in the Municipal Court demanding the return of certain chattels (21 moving picture films); that said replevin suit was still pending and had not been disposed of and that in the present accounting action the plaintiff was attempting to

separate its cause of action so as to give the Municipal Court jurisdiction. (In the replevin suit plaintiff had valued the films at $3,000.) The motion also recited that in the replevin action defendant. Shull had filed a counterclaim demanding damages in an unspecified amount for the wrongful seizure of the motion picture film and that plaintiff had filed an answer to such counterclaim and that under Rule 13(a) of the trial court plaintiff was required to assert any additional claim which it had against the defendant by way of a compulsory counterclaim. At the time of the hearing of the motion to dismiss there was pending plaintiff's motion to consolidate the replevin suit with the suit for accounting. This motion was not acted upon. Defendant's motion to dismiss was granted and this appeal by plaintiff followed.

 We think the action should not have been dismissed. Appellant concedes that a single cause of action cannot be split up or divided into two suits aggregating more than the $3,000 jurisdiction of the Municipal Court for the purpose of giving jurisdiction to that court. Aside from the jurisdictional question the rule is well settled that a single or entire claim or demand cannot be split up and divided into separate claims, and separate suits maintained for the various parts thereof.[1] But as the Supreme Court has pointed out the rule does not require that two distinct causes of action, either of which would by itself authorize independent relief, must be presented in a single suit though they exist at the same time and might be considered together. Stark v. Starr, 94 U.S. 477, 24 L.Ed. 276; United States v. The Haytian Republic, 154 U.S. 118, 14 S.Ct. 992, 38 L.Ed. 930. To the same effect are United States v. Pan-American Petroleum Co., 9 Cir., 55 F.2d 753; Brooks v. Yarbrough, 10 Cir., 37 F.2d 527; National Bond and Investment Co. v. Withorn, 281 Ky. 318, 136 S.W.2d 40; McDonald v. Equitable Life Assur. Soc., 269 Ky. 549, 108 S.W.2d 184; City of Philadelphia v. Heinel Motors, 346 Pa. 528, 31 A.2d 104; Norwood v. McDonald, 142 Ohio St. 299, 52 N.E.2d 67.

 Courts have prescribed various tests for determining whether there has been a splitting of causes of action. One test which seems reasonable here is whether there has been an invasion or more than one primary right. Or, as stated in Atherton v. Anderson, 6 Cir., 86 F.2d 518,[2] if two separate and distinct primary rights should be invaded by one and the same wrong, or if a single primary right should be invaded by two distinct and separate legal wrongs, two causes of action would result. Judged by these tests or by any other reasonable test we think it could not properly be said, particularly at the outset of the case on the pleadings alone, that plaintiff had only one entire and indivisible cause of action and that it had been improperly split.

 In the case before us plaintiff was demanding an accounting based on its charge that defendant had failed to pay certain amounts due percentagewise and had refused to yield his books for inspection. If plaintiff prevailed its incidental or preliminary relief would be the right to inspect defendant's books and its ultimate relief would be a money judgment. In the earlier replevin suit the relief demanded was a judgment for possession of chattels, i. e., the films. If plaintiff prevailed in that suit it would have a judgment for possession of the films with damages for their detention. And such judgment would not bar a subsequent action for damages for illegal and malicious seizure,[3] nor bar an action for accounting such as the present one. The relief sought in the two suits was, as we have just said, distinct and different, and in no manner depended one on the other. This demonstrates, we think, that the two claims were not entire and indivisible and that filing them separately cannot be termed a splitting of a single cause of action.

 Moreover, nothing in the pleadings indicates that there was an identity in the

---

[1] Poling v. Washington Loan & Trust Co., 53 App.D.C. 212, 289 F. 610.

[2] Reversed on other grounds 302 U.S. 643, 58 S.Ct. 53, 82 L.Ed. 500.

[3] Wardman-Justice Motors v. Petrie, 59 App.D.C. 262, 39 F.2d 512, 69 A.L.R. 648.

facts essential to the maintenance of the two suits. This, as the Supreme Court said in United States v. The Haytian Republic, supra [154 U.S. 118, 14 S.Ct. 994], is one of the tests to be applied, for unless "the evidence necessary to prove one cause of action would establish the other" there is no identity of causes of action.

In view of the disposition we are making of the controlling question, we think other arguments advanced by appellee are of no force.

Reversed.