## LE JOHN MFG. CO. v. WEBB.

### Nos. 1251, 1252.

Municipal Court of Appeals for the District of Columbia.

Argued Aug. 11, 1952.

Decided Sept. 19, 1952.

Lawrence J. Simmons, Washington, D. C., for appellant.

Bolling R. Powell, Jr., Washington, D. C., for appellee.

Before CAYTON, Chief Judge, and HOOD and QUINN, Associate Judges.

CAYTON, Chief Judge.

We have before us two appeals from judgments entered in favor of plaintiff in two actions on an alleged contract of employment by which he was to represent defendant as a "manufacturer's agent."

The two suits were filed in the trial court on the same day and at the same time. Both complaints alleged that plaintiff was to represent defendant in soliciting and servicing all United States Government agencies on products manufactured by defendant who agreed to pay plaintiff 5% of the selling price in all contracts of sale consummated between it and the Government. The complaints differed only as to the amount allegedly due plaintiff in commissions on two separate sales by defendant to the Government on two separate occasions and with two separate Governmental agencies. In the first suit plaintiff asserted that he was entitled to $2500 representing the full 5% of the amount of one sale; and in the second suit he claimed $1121.86 as the balance of 5% due on another contract of sale. The two actions were consolidated for trial and resulted in findings for plaintiff.

In bringing these appeals, defendant assigns several errors. We reach only one, which being jurisdictional, will dispose of the entire litigation. Appellant challenges the right of the Municipal Court to entertain the suits on the ground that the amount in controversy exceeds its jurisdictional limit of $3000.[1] It is appellant's position that plaintiff has split his single cause of action in order to bring

1. Code 1951, § 11–755(a).

his claim within the jurisdiction of the Municipal Court.[2] This is based on D.C. Code 1951, § 11–755(a) which provides that the Municipal Court shall have jurisdiction of civil actions " * * * in which the * * * debt or damages claimed * * * does not exceed the sum of $3,-000". Under this section we have held that if in fact plaintiff has but one cause of action he has but one claim which cannot be split. McChesney v. Moore, D.C. Mun.App., 78 A.2d 389; Astor Pictures Corporation v. Shull, D.C.Mun.App., 64 A.2d 160.

Appellant contends that even if there were two breaches of the contract, the breaches merely consisted of failure to pay commissions upon two separate sales made at separate times, and that all claims for accrued compensation under the one contract between the parties must be included in a single suit.

Appellee argues that these suits did not violate the rule against splitting a cause of action because there were two separate demands which, though both were due when suit was filed, were completely independent of each other to such an extent as to form separate and distinct causes of action. In brief and argument appellee asserts that this is not a case of two installments due under a contract, but that there was one cause of action for the refusal to pay the balance of $1121.86, and a separate cause of action for $2500 lost because of wrongful discharge under the contract.

■ However, the record seems to make it plain that with regard to that part of plaintiff's claim (for $2500) the complaint was one for commission earned and plaintiff devoted himself to proving that fact. It is true one of the defenses was that the contract had been terminated for cause before the sale had been consummated and therefore plaintiff was entitled to no commission on that sale. But we think it clear from the record as a whole that the award of $2500 in that case was not for damages for wrongful discharge, but was for a commission actually earned[3] and the theory of a wrongful discharge was not presented to the court as a basis for recovery. Hence, plaintiff should not on this appeal be permitted to take that position or advance that theory for the first time. Johnson v. Ginnis, D.C.Mun. App., 88 A.2d 847; Brooks v. Jensen, D.C. Mun.App., 73 A.2d 32. We do not imply that the theory now suggested by plaintiff would require a different result; we simply take the case as we find it.

■ Thus the sole issue for our consideration is whether a plaintiff who brings suit for commissions earned under an employment contract must include therein all commissions known to be due to him thereunder at the time the suit is brought. We think that question must be answered in the affirmative.

As the trial judge pointed out in his memorandum opinion (refusing a new trial), "What constitutes a single cause of action is often a difficult question." Also that several tests, none of them completely satisfactory for all cases, have been advanced by the courts to determine when there is a single cause of action.[4] Indeed,

---

2. Defendant did not raise the question below until the time of the trial, when it made a motion to dismiss. But plaintiff-appellee concedes, as he must, that because the point is jurisdictional, it was not waived by not having been made earlier in the proceedings.

3. In his memorandum opinion the trial judge said: "I do not find that the termination of [plaintiff's] employment was accomplished by the letter of January 30, 1950, because I think it was contrary to the agreement made between the [parties] and, therefore, was ineffective. I also find that there were other services performed after that date. * * * I find that the plaintiff * * * did secure and relay the invitation to bid. * * * I do not find that he agreed to any reduction of his * * * commission is that connection. Therefore, I find that he is entitled to recover a * * * commission. * * * " (Emphasis supplied.)

4. See, e.g., Tribby v. O'Neal, 39 App.D.C. 467; Astor Pictures Corporation v. Shull, D.C.Mun.App., 64 A.2d 160, and cases there cited; Buchanan v. General Motors Corporation, D.C.S.D.N.Y., 64 F. Supp. 16.

as deplored by one writer, cases bearing on the rule of splitting the cause of action "can be piled up (uselessly) with a scoop-shovel."[5] We shall attempt to direct our discussion to the precise facts of this case.

It is not open to doubt that under an ordinary installment contract a suit may be brought on each installment as it falls due.[6] As a general rule that proposition is similarly applicable to an employment contract which provides for compensation in equal payments.[7] In that sense the contract is divisible and failure to pay each installment as it falls due gives rise to a separate cause of action.

But when a plaintiff decides to sue he must include all installments then due and owing or else, under principles of *res judicata*, forever lose his right to maintain a later action on those which were due but omitted from his suit. Sutcliffe Storage & Warehouse Co. v. United States, 1 Cir., 162 F.2d 849; Buchanan v. General Motors Corporation, 2 Cir., 158 F. 2d 728; Restatement, Judgments, sec. 62, comment (h); see also Goodwin v. Cabot Amusement Co., 129 Me. 36, 149 A. 574. It has been held that breaches of contract prior to the commencement of suit for such breaches constitute a single cause of action. Buchanan v. General Motors Corporation, D.C.S.D.N.Y., 64 F.Supp. 16, 18. This doctrine is in the nature of a rule of repose with the double purpose of protecting courts as well as litigants from the harassment of repetitious litigation. Buder v. Fiske, 8 Cir., 174 F.2d 260, 268. The rule has been applied where the claim was not for a stated amount but was determined by percentages. Goodwin v. Cabot Amusement Co., supra. It has also been applied to employment contracts providing for payments based on a percentage of the cost of operation, Underground Const. Co. v. Sanitary Dist. of Chicago, 367 Ill. 360, 11 N.E.2d 361, 115 A.L.R. 57, and partially on a percentage of profits,

Snell v. J. C. Turner Lumber Co., 2 Cir., 285 F. 356, as well as in payments of stated equal amounts, Stradley v. Bath Portland Cement Co., 228 Pa. 108, 77 A. 242.

Turning to the situation before us we think it cannot be said that this contract of employment is any different from the contracts in the three cases just cited. All attain the same end: the creation of an employer-employee relationship, or an analogous arrangement. All are single and entire unto themselves; all provide for services by the employee and payment of compensation by the employer. They differ only in the manner of computing the compensation due. In the Stradley case, for example, it is related to length of service and in this case it more directly depends upon the individual efforts of the employee. In this respect the contract here involved is analogous to one providing for compensation on a piece rate basis. It could hardly be argued that in a piece rate contract one would have the right to sue for the sum due on one piece of work and later be permitted to sue for sums earned on other pieces of work which were also due at the time the first suit was brought. But whether it be straight salary, piece rate, or commissions on sales they all take the form of compensation and are subject to the same rule against bringing suits in fragmentary parts. Cf. Restatement, Judgments, sec. 62, comment (i).

In a recent case in this jurisdiction general support may be found for much that we have said. Chapman v. Potomac Chemical Co., 81 U.S.App.D.C. 406, 159 F.2d 459. From that decision there would seem to be no doubt that employment contracts providing for payment on a commission basis are not to be considered differently from other types of employment contracts, for purposes such as we have here. See also Snell v. J. C. Turner Lumber Co., and Underground Const. Co. v. Sanitary Dist. of Chicago, both supra; 5

5. 4 Corbin, Contracts, sec. 955 (1951).
6. Metropolitan Life Ins. Co. v. Richter, 182 Okl. 446, 78 P.2d 307; 1 C.J.S., Actions, § 103b(1).

7. Breakwater Co. v. Donovan, 6 Cir., 218 F. 340; Seaboard Air Line Ry. v. Hamilton, 16 Ga.App. 646, 85 S.E. 942.

Williston, Contracts, sec. 1292 (Rev. Ed. 1937); 4 Corbin, Contracts, sec. 958 (1951); Clark, Code Pleading, sec. 74 (2d Ed. 1947); and 1 C.J.S., Actions, § 103.

■ We think the conclusion inescapable that the aggregate of "the debt or damages claimed" exceeded the maximum jurisdiction of the Municipal Court; that plaintiff could not by splitting his cause of action vest that court with jurisdiction; and that defendant's motion to dismiss should have been granted.

Reversed, and remanded with instructions to dismiss.